207 So.2d 918 (1968)
William M. CAIN et al., Plaintiffs-Appellants,
v.
RAPIDES DODGE, INC., Defendant-Appellee,
v.
CHRYSLER MOTORS CORPORATION, Third-Party Defendant-Appellee.
No. 2233.
Court of Appeal of Louisiana, Third Circuit.
February 28, 1968.
Rehearing Denied March 25, 1968.
*919 Provosty, Sadler & Scott, by Richard B. Wilkins, Jr., Alexandria, for plaintiffs-appellants.
Dragon & Kellner, by Robert A. Dragon, Jr., Lafayette, for defendant-appellee.
Gold, Hall & Skye, by John F. Simon, Alexandria, for third-party defendant-appellee.
Before SAVOY, CULPEPPER and LEAR, JJ.
*920 SAVOY, Judge.
Plaintiffs, William M. Cain and his wife, Annie D. Cain, brought this redhibitory action, seeking rescission for the sale of a new 1966 Dodge Coronet automobile from the defendant, Rapides Dodge, Inc. (hereafter referred to as Rapides) to them, which sale was consummated on April 15, 1966.
Mr. Cain alleged that shortly after the purchase of the automobile a vibration occurred in the whole car, but particularly in the steering wheel when the vehicle was operated at speeds in excess of 25 miles per hour, thus making the automobile extremely dangerous to drive. Further allegations of the plaintiffs included leakage of the power steering mechanism; a loud hum in the rear end of the automobile especially when decelerating from speeds of 40 to 60 miles per hour; excessive oil consumption of one quart every three hundred miles; three wheels had to be straightened; damage occurred to the rear end housing; a front wheel bearing wore out; the banjo housing had to be replaced; all four brake drums had to be turned; and replacement of the ring gear and pinion twice.
Defendant answered the suit filing a general denial, alleging an affirmative defense in that plaintiffs never offered to return the vehicle, filing a peremptory exception alleging that William M. Cain was not a party to the sale and also filed a reconventional demand for storage of the vehicle from the time notice was given to Annie Cain that the vehicle was repaired. The defendant, Rapides, then filed a third-party demand in an amended petition against Chrysler Motors Corporation (hereafter referred to as Chrysler) in the event it was cast in judgment, which third-party demand was resisted by Chrysler.
The trial court, after a trial on the merits, held that the plaintiffs were not entitled to a rescission of the sale saying: "The most important thing to the Court at this time is the undisputed and uncontradicted testimony that the automobile is now repaired and has been repaired since some time in October of 1966. The testimony is that the automobile is in new car condition. The plaintiff has not returned to the defendant's place of business to test the automobile and determine if the defects of which he complained last still existed or whether they have been corrected. * * *." Judgment was also rendered in favor of the third-party defendant, Chrysler, and against Rapides although court costs were cast against the defendant, Rapides.
On appeal plaintiffs contend that the trial judge (1) although finding the existence of the defects and vices complained of by the plaintiffs, erred in not finding the defects to be of such a nature as to warrant redhibition and rescission of the sale; and (2) erred by giving consideration to evidence concerning the condition of the automobile after formal tender, when it was no longer in the possession of the plaintiffs. On the other hand, the defendant, Rapides, has answered the appeal contending it should be reimbursed for storage of the vehicle and also contending that it should not have been cast in the trial court for the costs of this suit. Chrysler answered the appeal contending the judgment appealed from was correct.
After a review of the entire record, we are of the opinion that our learned brother below erred in considering the condition of the vehicle after formal tender had been made by the plaintiffs. In the case of Reech v. Coco, 223 La. 346, 65 So.2d 790, our Supreme Court, speaking through Justice McCaleb, expressly recognized the fact that although the vehicle was subsequently repaired after tender was made, this would not affect the fact that the vehicle was unsatisfactory and unfit for the purpose for which it was purchased.
We are of the opinion that there were sufficient defects in the car sold to plaintiff, both at the time of the sale and at the time of the tender to warrant a recision. Goff v. Dewey Olivier, Inc. (La. App., 3 Cir., 1962), 137 So.2d 393, cert. denied. The fact that the car was subsequently *921 repaired cannot affect the plaintiff's right to a recision of the sale. Reech v. Coco, supra.
Plaintiff has sued for, in addition to the purchase price of the car ($3,444.00), items for sales tax, license and title fees, finance charge (pre-computed interest), credit life insurance, liability insurance, collision insurance, loss of use of car for three months, forty trips at $.10 per mile while using another vehicle.
The applicable law is found in Article 2531 of the Civil Code, which provides in part: "The seller who knew not the vices of the thing, is only bound to restore the price, and to reimburse the expenses occasioned by the sale * * *." Civil Code Article 2545 provides that if the seller knew the vice of the thing and did not declare it, he is also liable for any damages resulting to the buyer as a result of the defects. As regards retail dealers of automobiles, etc. the jurisprudence has construed the above articles to mean that if the defects in the automobile are such as would not be observed by the ordinary dealer without taking the car apart and minutely inspecting it, the dealer is liable only for the return of the purchase price plus the expenses of the sale.
The facts of this case show that the defects were not such that the ordinary automobile dealer would have noticed them. It was principally the power steering and the rear end assembly which were defective. Hence, this dealer is liable only to restore the purchase price plus expenses of the sale.
The record reveals that plaintiff expended the sum of $66.87 for sales tax, license and title certificate. This was a necessary expense of the sale, and we allow plaintiff this item.
The evidence also reflects that the finance charges incurred by plaintiff amounted to the sum of $312.41. Plaintiff is entitled to recover this sum.
We will not allow plaintiff to recover the premiums paid for credit life or collision insurance which he procured in connection with the purchase of this car. The record does not show that either of these was required by the vendor. Hence, these are not necessary expenses of the sale.
The items claimed by plaintiff for loss of the use of his car and the rental charge are not expenses of the sale. These are damages, to which plaintiff is not entitled.
We next consider the third party demand by Rapides against Chrysler Motors Corporation. Rapides and Chrysler entered into a written agreement designated as "Direct Dealer Agreement" (in the agreement Chrysler is referred to as Dodge).
In this agreement Chrysler limited its warranty to Rapides, the pertinent provisions reading as follows:
"DODGE'S obligations under this warranty shall be limited to making good any part or parts which prove to be thus defective, by replacement thereof or by appropriate credit or other reimbursement to DIRECT DEALER for claims properly submitted by DIRECT DEALER in accordance with policies and procedures established from time to time by DODGE.
"This warranty is expressly in lieu of all other warranties, express or implied, and of all other obligations by DODGE, and DODGE neither assumes nor authorizes DIRECT DEALER or any other person to assume for it any liability in connection with the sale of motor vehicles covered by this warranty."
There is no evidence in the record which shows that the warrantor did not fully comply with its warranty agreement with Rapides. Accordingly, the third party demand by Rapides against Chrysler, which was dismissed by the trial judge, is affirmed.
*922 For the reasons assigned, the judgment of the district court is reversed and set aside insofar as it rejected plaintiffs' demand for recision against Rapides Dodge, Inc., and judgment is hereby rendered in favor of plaintiffs, William M. Cain and his wife, Annie D. Cain, and against Rapides Dodge, Inc. in the sum of $3,823.28, together with interest at the rate of 5% per annum from judicial demand until paid, and for all costs in this Court and in the district court. In all other respects, the district court judgment is affirmed.
Reversed in part, affirmed in part and rendered.

On Application for Rehearing.
En Banc. Rehearing denied.