438 So.2d 712 (1983)
Otis L. ALLEN, Plaintiff-Appellee,
v.
Henrietta Christina BRANDT, Defendant-Appellant.
No. 15668-CA.
Court of Appeal of Louisiana, Second Circuit.
September 20, 1983.
C. William Gerhardt, Shreveport, for defendant-appellant.
James B. Wells & Associates (A Professional Law Corporation) by James B. Wells, Bossier City, for plaintiff-appellee.
Before PRICE, FRED W. JONES, Jr., and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
The central issue posed by this appeal is whether the plaintiff, in obtaining a default judgment awarding property damages resulting from an automobile accident, established a prima facie case by competent evidence. Answering in the negative for the reasons hereinafter explained, we set aside the judgment and remand for a new trial.
On February 9, 1983 plaintiff sued defendant in the Bossier City Court for property damage to his car in the sum of $1721.43 and for $500 for loss of use of his vehicle, allegedly resulting from an automobile accident on February 5, 1983 caused by *713 defendant's negligence. Personal service was made on the defendant on February 9, 1983.
A default judgment in favor of plaintiff and against defendant for $1721.43 was signed on February 23, 1983. On February 28, 1983 defendant moved for a new trial, asserting that the default judgment was contrary to the law and evidence and, further, was obtained in violation of an agreement between the attorneys representing the involved parties. Following denial of the motion, this appeal was perfected.
According to the transcript of the default proceeding in the city court, plaintiff testified that the accident in question occurred when the defendant [traveling to the left of and in same direction as plaintiff on four lane thoroughfare] abruptly turned her vehicle in front of plaintiff's car. However, in order to prove the damage to his automobile, plaintiff simply identified and offered in evidence a copy of a repair estimate made at a local shop. Judgment was rendered for this amount.
La.C.C.P. Article 4916 [governing courts of limited jurisdiction] provides in part:
A. If the defendant fails to appear at the trial, and the plaintiff proves his case, a final judgment in favor of plaintiff may be rendered. No prior default is necessary.
B. The plaintiff may obtain a final judgment only by producing relevant and competent evidence which establishes a prima facie case....
Our jurisprudence has established that in securing a default judgment the plaintiff must prove all the essential allegations of his petition as fully as if they had been specifically denied and, further, that hearsay evidence does not sustain the burden of proving a prima facie case. Ducharme v. Guidry, 392 So.2d 755 (La.App. 3rd Cir.1980); Jones v. Ledet, 383 So.2d 1308 (La.App. 3rd Cir.1980).
On its face a written estimate of property damage prepared by a third party is hearsay and, where no repairs have been made, a plaintiff in a default proceeding is not permitted to make out a prima facie case for recovery of damages by simply filing in evidence the described written estimate. Miles v. New Orleans Public Service, Inc., 393 So.2d 877 (La.App. 4th Cir.1981).
In this case the plaintiff did not testify that his car had been repaired for the figure shown on the written repair estimate. The repairman who assessed the damage to the motor vehicle was not called to testify. Under the circumstances, the probative force of the tendered evidence depended on the competence and credibility of an individual other than the person testifying. For that reason it was hearsay evidence. Since none of the recognized exceptions to the hearsay rule are applicable, this evidence could not establish a prima facie case for the recovery of damages in the default proceeding. Consequently, the trial judge erred in denying defendant's motion for a new trial. See Hardy v. Kidder, 292 So.2d 575 (La.1974).
Having disposed of the appeal on this basis, we pretermit the necessity of considering appellant's complaint that the default judgment was procured as a result of ill practices.
For the reasons set forth, the default judgment appealed from is set aside and the case is remanded to the city court for a new trial. Appellee is cast with costs of appeal, with assessment of other costs to await final disposition of the case.