KLIEBERT, Judge.
Plaintiff, Chrysler Credit Corporation, brought this devolutive appeal from a judgment, on a motion for a directed verdict, dismissing their action to recover for damages to a repossessed vehicle from Pennsylvania General Insurance, the collision insurer of the vehicle. Chrysler was the loss payee on the collision insurance policy, issued by Pennsylvania to Richard and Al-vina Ball, providing collision coverage on a 1980 Dodge Omni repossessed from them by Chrysler. On a motion for a directed verdict, the trial judge dismissed the suit because he concluded the plaintiff had failed to show the damages to the Dodge *692 were incurred in a manner insured against in the policy. We affirm.
On February 6, 1981, Richard Ball applied for and received a discharge in bankruptcy in New Orleans, La. During the bankruptcy proceeding, Chrysler learned the Balls had separated and that Mrs. Ball had taken the 1980 Dodge Omni, on which it held the mortgage, to California. Then, in response to a demand by Chrysler, made when the mortgage payments became delinquent, sometime before April 13, 1981, Mrs. Ball voluntarily brought the car to Pete Ellis Dodge, a Dodge dealership in South Gate, California.
A representative of Pete Ellis Dodge completed a repossession report on May 4, 1981, showing the car had some rear-end damage. Consequently, Chrysler’s attorney, by letter dated November 11, 1981, made a formal demand on Pennsylvania for the estimated cost of repairing damage to the car. Pennsylvania denied coverage for the loss, claiming the damage occurred after the policy was cancelled on May 8,1981, or, if incurred prior to that date, the damage was not incurred from a hazard covered under the policy.
Chrysler then instituted this suit alleging the damage to the vehicle occurred prior to the cancellation of the policy (May 8, 1981). Pennsylvania defended on the grounds that the damage to the automobile occurred in a June 7, 1980 accident, which claim had already been fully paid by them to the insured and former owners under the policy.
At trial, Chrysler introduced the repossession report made by Pete Ellis Dodge and attempted to prove the cost of repairing the damages to the Dodge Omni by the introduction of a repair estimate dated September 4, 1981, made by an employee of Pete Ellis Dodge. Pennsylvania objected to its introduction on the grounds it was hearsay. The trial judge maintained the exception and Chrysler proferred the estimate.
The attorney for Chrysler made no effort to prove specifically how the damage to the car was incurred or when the damage occurred. The only other witness was a representative of Pennsylvania who testified the insured had made a claim for collision damages which occurred on June 7, 1980, for which Pennsylvania had made a payment of $607.11.
At the close of plaintiffs case, Pennsylvania motioned for a directed verdict. The trial judge granted the motion, thus dismissing plaintiffs case. In his oral reasons for judgment, the trial judge stated that although it might appear the present damages to the insured vehicle were greater than those paid for in the June 7, 1980 accident, Chrysler failed to prove these damages were incurred in a collision covered under the policy.
After carefully reviewing the record, we cannot say the trial judge erred in granting the motion for a directed verdict. To recover, Chrysler was required to prove by a preponderance of the evidence the cost of repairing the damages to the car and that the damages were caused in a collision covered under the policy. Not only did Chrysler fail to prove the alleged damages were incurred in a collision, it also failed to prove the amount of the damages. The trial judge's refusal to admit the repair estimate was correct. See Allen v. Brandt, 438 So.2d 712 (2nd Cir. La.App. 1983).
Accordingly, the judgment of the trial court is affirmed; plaintiff-appellant to pay all costs of the appeal.
AFFIRMED.