PLOTKIN, Judge,
concurring.
I respectfully concur.
I agree with the majority’s conclusion that plaintiff is entitled to rescission of the sale of the automobile. However, I feel that she should also recover the additional expenses she incurred because of the redhi-bitory defect in the car — cost of repairing the engine, costs of substitute transportation while the car was being repaired, finance charges on the sale and tax, title and license fees.
*493 La.C.C. art. 2531, dealing with the good faith seller’s liability for restitution of price, provides as follows:
The seller who knew not the vices of the thing, is only bound to restore the price, and to reimburse the expenses occasioned by the sale, as well as those incurred for the preservation of the thing, unless the fruits, which the purchaser has drawn from it, be sufficient to satisfy those expenses.
The jurisprudence interpreting the above provision indicates that the plaintiff in the instant case should be allowed to recover many of the costs denied by the majority. In Williams v. Toyota of Jefferson, Inc., 655 F.Supp. 1081 (E.D.La.1987), the court held that a buyer of a used car with a redhibitory vice was entitled to recover all his incidental expenses, including finance charges, cost of substitute transportation and cost of repairs, as well as rescission of the sale and return of the purchase price. See also Dreher v. Hood Motor Co., Inc., 492 So.2d 132 (La.App. 1st Cir.1986); Guillory v. Morein Motor Co., Inc., 322 So.2d 375 (La.App. 3d Cir.1975); Cain v. Rapides Dodge, Inc., 207 So.2d 918 (La.App. 3d Cir.1968).
For the above and foregoing reasons, I would award plaintiff the incidental expenses incurred because of the redhibitory defect in the automobile, in addition to rescission of the sale and return of the purchase price.