571 So.2d 797 (1990)
SUCCESSION OF Lennis E. LATHAM.
No. 21,9122-CA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 1990.
Robert A. Jahnke, Shreveport, for appellant.
Plummer, Means & Burgess, Mansfield, for appellee.
*798 Before MARVIN, FRED W. JONES, Jr. and HIGHTOWER, JJ.
HIGHTOWER, Judge.
A surviving spouse, Katherine P. Latham, appeals a judgment denying her motion for new trial and petition to annul an ex parte judgment of possession omitting her community property interests. For the reasons expressed, we reverse and remand.

BACKGROUND
After a prior marriage that produced three children, Lennis E. Latham married appellant in November 1983, without a separate property agreement. On October 21, 1986, the husband executed, in statutory form, a last will and testament. He bequeathed $15,000 to his wife, and also set forth the following:
I give all of my property owned by me at the time of my death to my descendants by roots in being at the time of my death.
Shortly after Mr. Latham's death on July 22, 1988, his will was probated and the testamentary executor confirmed.
Prior to the judgment of possession, a dispute arose between Mrs. Latham and the three children over the classification of the succession property. According to the children, at the reading of the will, appellant informed them that no community property existed. She testified, on the other hand, that she made no such statement. Instead, she maintained her deceased husband's children knew, before they filed for possession, of her assertion of community property interests.
Neither the judgment nor the detailed descriptive list classified the succession property as separate or community, although the petition mentioned the decedent living with the second wife at the time of his death. An ex parte judgment of possession, signed on May 4, 1989, recognized the three children as the sole heirs and awarded them possession of the entire estate. On May 11, 1989, appellant filed a motion for new trial and "Petition to Reopen Succession and/or Set Aside Ex Parte Judgment of Possession Because of Fraud and Ill Practices." The trial court denied relief after a joint hearing on both pleadings. This appeal followed.

DISCUSSION
Appellant advances two assignments of error. The first, that the trial court erred in failing to annul and set aside the judgment of possession because of ill practices, has not been briefed and is thus deemed abandoned. URCA 2-12.4. In the remaining assignment, appellant asserts that the judgment of possession, recognizing the three children's right to possession but omitting her rights in community, is clearly contrary to the law and evidence. Thus, she contends that the trial court erred in denying the motion for new trial.
A new trial should be granted when it is shown that (1) the judgment is clearly contrary to the law and evidence, (2) newly discovered evidence has been found, (3) improper jury behavior occurred, or (4) good grounds exist. LSA-C.C.P. Art. 1971, et seq.; Petitto v. McMichael, 552 So.2d 790 (La.App. 1st Cir.1989). An examination of the entire record is appropriate upon an assertion that the judgment is contrary to the law and evidence, and an appellate court will set aside a failure to grant a new trial when manifestly erroneous. LSA-C.C.P. Art. 1972; Dawson v. Mazda Motors of America, Inc., 475 So.2d 372 (La.App. 1st Cir.1985); David v. David, 347 So.2d 885 (La.App. 3d Cir.1977).
Our review indicates that the trial court, in rendering the judgment of possession without classifying the property as to community interests, acted contrary to the law and evidence. According to LSA-C. C.P. Art. 3031, a court is to grant possession of legacies, by ex parte petition, when all residuary legatees accept the succession unconditionally. However, only where examination of the petition and review of the entire record clearly reveals entitlement to possession does the court have authority to render such a judgment. LSA-C.C.P. Art. *799 3061;[1]Bradford v. Thomas, 499 So.2d 525 (La.App. 2d Cir.1986), writ denied, 503 So.2d 480 (La.1987). Entitlement to possession under the present circumstances necessarily depends upon the classification of the estate's property since, if some is community, the surviving spouse is entitled to possession of an undivided one-half and recognition of a legal usufruct, if applicable, over the corresponding undivided one-half. LSA-C.C.P. Art. 3061. See also LSA-C.C. Arts. 2336, 890.
The petition for possession mentioned appellant as surviving spouse, and the record disclosed that her marriage to the decedent occurred more than three years before his death. Yet, neither the detailed descriptive list nor any of the other pleadings attempted to classify the estate into separate and community property, or to even address the subject. Such documents, then, inadequately supported the granting of the judgment of possession.
Without a classification of property as to community interests, an ex parte judgment awarding possession constitutes error when the trial court is aware that a surviving spouse exists.
In the case at hand, the question as to actual classification can be more properly addressed on remand. Although clearly revealing the existence of both separate and community property, the present evidence is insufficient for determining the character of all items possessed by the deceased at his death. We thus reverse the denial of the motion for new trial and, accordingly, remand for further proceedings.

CONCLUSION
The judgment of the district court, denying the motion for new trial, is reversed. The case is remanded for further proceedings, including a determination of the proper classification of decedent's assets at death. Costs of the appeal are assessed against the succession.
REVERSED AND REMANDED.
NOTES
[1] The article states, in pertinent part:

The court shall render and sign immediately a judgment of possession, if it finds from an examination of the petition for possession, and from the record of the proceeding, that the petitioners are entitled to the relief prayed for.... The judgment shall recognize the petitioners as the heirs, legatees, surviving spouse and community, or usufructuary, as the case may be, of the deceased, send the heirs or legatees into possession of the property owned by the deceased at the time of his death, and recognize the surviving spouse in community as entitled to the possession of an undivided one-half of the community property, and of the undivided one-half to the extent that he has the usufruct thereof.