588 So.2d 1322 (1991)
Rita Jo HOLLOWAY, Plaintiff-Appellee,
v.
GULF MOTORS, INC. and General Motors Corporation, Buick Division, Defendant-Appellant.
No. 22887-CA.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1991.
*1324 Samuel P. Love, Jr., Shreveport, for plaintiff-appellee Rita Jo Holloway.
Lunn, Irion, Johnson, Salley & Carlisle by Gerald M. Johnson, Jr., Shreveport, for defendant-appellant, General Motors.
Weems, Wright, Schimpf, Hayter & Carmouche by Joseph R. Gilsoul and Robert B. Dunlap, II, Shreveport, for defendant-appellant, Gulf Motors, Inc.
Before SEXTON, NORRIS and LINDSAY, JJ.
NORRIS, Judge.
Rita Jo Holloway sued Gulf Motors, Inc., the seller, and General Motors Corp., the manufacturer, to rescind the sale of a 1989 Buick Century and restore the purchase price, and for damages, attorney fees and costs.[1] She entered a default judgment against Gulf only, and later confirmed it, obtaining judgment for:

Price of car $18,116.00
Insurance premiums 326.10
Tax, title and license 919.88
Mental pain and anguish 2,500.00
Attorney fees 5,000.00
 __________
 TOTAL $26,861.98

Gulf filed a motion for new trial which the trial court dismissed as untimely, but this court granted a writ and reversed. Holloway v. Gulf Motors, Inc., 566 So.2d 1068 (La.App. 2d Cir.1990). On remand the trial court denied the new trial, and Gulf now appeals the judgment denying the motion for new trial. For the reasons expressed, we reverse in part and render.

*1325 Evidence at the confirmation hearing

Mrs. Holloway testified that she bought the new Buick Century on October 18, 1988. Her invoice from Gulf verifies that she paid $18,116.00 for the car; she also testified that she paid $326.10 for insurance and $919.88 for tax, title and license.
About three days after she got the car, Mrs. Holloway's husband, who is a certified mechanic, noticed a ticking sound in the engine; she herself found the brakes had to be pushed almost to the floor. She called the salesman and told him these problems, and others: a high pitch noise in the front end, a clicking sound in the tires, the gas gauge did not work and the car was pulling badly to the right. She brought the car to Gulf on October 25; Gulf returned it later that day, saying nothing was wrong with it. Mrs. Holloway returned the car two days later and spoke to the Service manager, Mr. Carter, who felt the problem was a torque converter clutch in the transmission; this would have to be replaced and it would take two or three days. Mrs. Holloway brought them the car for this work on November 9. Gulf kept the car for 16 days, with Mr. Carter explaining that he had to send it to Shreveport for the work.
When she received the car in late November, Mrs. Holloway found all the problems still present, plus a popping sound whenever she would make a sharp turn. She went to Gulf's manager, Mr. Russell, on November 26 to complain. He told her they would put in a new transmission. She delivered the car for this work on December 8 and got it back on December 12, but all the problems were still present. Mrs. Holloway had to use the car to commute to work, but her husband felt the car was so dangerous that he would not drive it and Mrs. Holloway would not let her children ride in it except in emergencies. The bad brakes caused her nearly to wreck three times.
In late December Gulf hired a new manager, Mr. Veazey, who told Mrs. Holloway to bring in the car and they would try to fix it again. She brought the car on February 27, 1989, with all the old problems plus the trunk light was not working. She detailed all her complaints to Mr. Veazey. When they returned the car four days later, the problems were still there, though the popping was not as loud and the clicking occurred only in reverse; however, the cruise control no longer worked, the windows rolled down by themselves, the car vibrated at various speeds and the paint was chipping off.
Mrs. Holloway was convinced that she "just got a lemon" and twice asked Mr. Carter to take the car back, but he refused. She added that Mr. Russell had been "real ugly" with her.
The only other witness at the confirmation hearing was Mr. Rothell, an attorney in Mansfield. He testified that when he handled and won a redhibition case in 1975, he was awarded a fee of about one-third of the purchase price, and he felt this was a fair fee.

Posture of the appeal
As noted, Gulf specifically appealed the judgment denying the motion for new trial. A judgment denying a new trial is not ordinarily appealable. General Motors Accept. Corp. v. Deep South Pest Control, Inc., 247 La. 625, 173 So.2d 190 (1965); Kidd v. Fortenberry, 384 So.2d 509 (La. App. 2d Cir.1980). Nevertheless, La.C.C.P. art. 1972 sets forth peremptory grounds for new trial:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and evidence. * * * (emphasis added)
The word "shall" is usually mandatory. See La.C.Cr.P. art. 5; La.R.S. 1:3. Moreover, the official revision comment to La. C.C.P. art. 1971 states:
Although a trial judge has much discretion regarding applications for new trial, in a case of manifest abuse the appellate court will not hesitate to set the trial court's ruling aside, or grant a new trial when timely applied for. Succession of Robinson, 186 La. 389, 172 So. *1326 429 (1937). Cf. Elchinger v. Lacroix, 192 La. 908, 189 So. 572 (1939); Weinberger Sales Co. v. Truett, 2 So.2d 699 (La.App. [Orl.Cir.] 1941).
An examination of the entire record is appropriate upon an assertion that the judgment is contrary to the law and evidence, and an appellate court will set aside a failure to grant a new trial when manifestly erroneous. Succession of Latham, 571 So.2d 797 (La.App. 2d Cir.1990); Dawson v. Mazda Motors of America, Inc., 475 So.2d 372 (La.App. 1st Cir.1985); David v. David, 347 So.2d 885 (La.App. 3d Cir.1977). In Directional Wireline Services, Inc. v. Tillett, 540 So.2d 1103 (La.App. 1st Cir. 1989), the court of appeal concluded the trial court abused its discretion in denying a new trial and remanded the case for the new trial, but the Supreme Court vacated the court of appeal's judgment, ordering that court to decide the case on the record. 541 So.2d 1386 (La.1989). We have therefore reviewed the record in this case and are constrained to find that the portion of the judgment awarding attorney fees and damages for mental anguish is clearly contrary to the law and evidence and must be reversed.

Discussion
By its first assignment Gulf urges the trial court erred in rendering a default judgment without competent evidence. In particular, Gulf argues that Mrs. Holloway's testimony as to her husband's assessment of the mechanical problems was hearsay and not competent to prove the defects, and that there was no testimony to establish that Gulf was aware of the defects at the time of the sale. By its second assignment, Gulf urges that even if the alleged defects exist, they would justify only a reduction of the price, not a rescission of the sale.
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C.C.P. art. 1702; Sudds v. Protective Cas. Ins. Co., 554 So.2d 149 (La.App. 2d Cir. 1989). When the judgment recites that the plaintiff has produced due proof in support of its demand and that the law and evidence favor the plaintiff, the judgment is presumed to be rendered on sufficient evidence and to be correct. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (1972). The presumption, however, does not attach when the record contains a complete transcript of the confirmation proceedings. Sudds v. Protective Cas. Ins. Co., supra. In such a case the reviewing court is able to determine whether the evidence on which the judgment is based is sufficient and competent. Hearsay evidence is not competent to support a default judgment. Allen v. Brandt, 438 So.2d 712 (La.App. 2d Cir.1983).
Mrs. Holloway testified that her husband first noticed the ticking sound in the engine about three days after she bought the car, and that he would not drive it because he thought it was too dangerous. These statements are hearsay. La.C.Ev. art. 801 C. She also testified, however, that Mr. Carter told her on October 27 that the torque converter clutch in the transmission was defective and would have to be replaced; he also told her he sent the car to Shreveport for repairs. She testified that Mr. Russell told her on November 26 that they would have to replace the transmission; and she testified that Mr. Veazey called her sometime after December 23, asking her to bring the car to "see if they could get it fixed." These are statements by employees of Gulf and offered against Gulf, concerning matters within the scope, and during the existence, of their employment. La.C.Ev. art. 801 D(3). They are not hearsay and were competent as part of Mrs. Holloway's prima facie case, together with her own testimony.
Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it, had he known of the vice. La.C.C. art. 2520. The buyer must prove that the vice existed before the sale was made by him; however, if the vice appears within three days immediately following the sale, it is *1327 presumed to have existed before the sale. La.C.C. art. 2530.
Gulf's employees admitted the car needed a torque converter clutch and a whole new transmission. This is a major defect and sufficient to support a judgment of rescission. Lee v. Shaw, 402 So.2d 152 (La.App. 1st Cir.1981). Later they told her to return the car for work on her various other complaints. They worked on the car seven times and kept it 38 days, without avail; the car still exhibited the same problems. The car's condition had brought Mrs. Holloway to the brink of three accidents. This multiplicity of defects will also support a rescission. Evangeline Medical & X-Ray Dist. Corp. v. Coleman Oldsmobile, Inc., 402 So.2d 208 (La.App. 1st Cir. 1981); Williams v. Toyota of Jefferson, Inc., 655 F.Supp. 1081 (E.D.La.1987). The finding that a defect warrants rescission or merely reduction is a factual matter in which the trial court has great discretion. Davis v. Davis, 353 So.2d 1060 (La.App. 2d Cir.1977), writ denied, 355 So.2d 549 (La. 1978); Cloud v. Huffman Motor Co., 416 So.2d 266 (La.App. 3d Cir.1982).
Mrs. Holloway also testified that the major problems, in the transmission and brakes, became apparent within three days of the sale. In the absence of contrary evidence, these are presumed to have existed before the sale. La.C.C. art. 2530. Various other problems, such as noises in the front end and tires, inoperative gas gauge and poor handling, were apparent within one week of the sale, when Mrs. Holloway first brought the car for repairs. The trial court was not plainly wrong to find these defects also existed at the time of the sale. Rey v. Cuccia, 298 So.2d 840 (La.1974); Ticheli v. Silmon, 304 So.2d 792 (La.App. 2d Cir.1974); Sweeney v. Vindale Corp., 574 F.2d 1296 (5th Cir. 1978).
On this record, Mrs. Holloway made a prima facie case that the car suffered from defects which rendered its use so inconvenient that she would not have purchased it had she known of them, and that the defects were present at the time of the sale. Denial of new trial on the issue of redhibition is not plainly wrong.
On the issue of bad faith, however, we are constrained to find the plaintiff clearly failed to make a prima facie case. A good faith seller is one who "knew not the vices of the thing" and is bound only to repair, remedy or correct the vices or, if he fails to do so, he must restore the purchase price and reimburse the reasonable expenses occasioned by the sale. La.C.C. art. 2531. By contrast, a bad faith seller is defined in La.C.C. art. 2545:
The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including attorneys' fees, is answerable to the buyer in damages.
Although Mrs. Holloway showed that the defects were presumed to have existed at the time of the sale, the record is devoid of evidence that Gulf's employees knew of the defects at the time of sale. Tuttle v. Lowrey Chevrolet Inc., 424 So.2d 1258 (La.App. 3d Cir.1982); Breaux v. Winnebago Indus., Inc., 282 So.2d 763 (La.App. 1st Cir. 1973). In fact, when Mrs. Holloway returned the car the first time, one week after she bought it, Gulf's mechanics could not find anything wrong with it. Only on the second return, and a closer examination, was Gulf able to find the latent defect of the torque converter clutch. This suggests that Gulf had no knowledge of the defect prior to the sale.
A manufacturer is presumed to know of the defects in his product. Tuminello v. Mawby, 220 La. 733, 57 So.2d 666 (1952); LaFrance v. Abraham Lincoln-Mercury, Inc., 462 So.2d 1291 (La.App. 5th Cir.), writs denied, 467 So.2d 531, 532 (La. 1985). However, the manufacturer's knowledge of a defect is not imputed to a mere seller. Tuttle v. Lowrey Chevrolet Inc., supra; Smith v. Chang, 467 So.2d 1277 (La.App. 4th Cir.1985); Ross v. John's Bargain Stores Corp., 464 F.2d 111 (5th Cir.1972). Because Gulf was only a seller, the court could not presume that Gulf knew of the defect.
*1328 There are certain situations where a seller may be charged with knowledge of a defect, but the instant case is devoid of facts to support such a finding. There is no evidence that Gulf held out the product as its own or had the size, volume and merchandising practices that would make it a "professional vendor."[2]Chappuis v. Sears Roebuck & Co., 358 So.2d 926 (La. 1978). On this record, Gulf was merely a retailer. See Spillers v. Montgomery Ward, 282 So.2d 546 (La.App. 2d Cir.1973), amend. on other grounds, 294 So.2d 803 (La.1974); Tuttle v. Lowrey Chevrolet Inc., supra. There is also no evidence that Gulf performed work on the car prior to sale that would place it in the manufacturer's posture, as in Rey v. Cuccia, supra. The trial court's conclusion that Gulf was a bad faith seller is clearly contrary to the law and the evidence.
By its third assignment, Gulf contests various items of damages. Because Gulf was not in bad faith, the portion of the judgment awarding attorney fees and mental anguish will be reversed. La.C.C. art. 2531. We would also note that the law does not generally permit mental anguish for the rescission of the sale of a car. La.C.C. art. 1998; Meador v. Toyota of Jefferson, 332 So.2d 433 (La.1976). The record contains no evidence that the Buick Century was intended to gratify a nonpecuniary interest.
The other items of damage are not plainly wrong. A good faith seller is liable for the tax, title and license fees occasioned by the sale. Alleman v. Hanks Pontiac-GMC, Inc., 483 So.2d 1050 (La.App. 1st Cir.1985), writ denied, 485 So.2d 54 (La. 1986). Mrs. Holloway's insurance premiums are also validly occasioned by the sale. Purvis v. Statewide Trailer Sales, Inc., 339 So.2d 403 (La.App. 1st Cir.1976). The older case of Cain v. Rapides Dodge, Inc., 207 So.2d 918 (La.App. 3d Cir.), writ denied, 252 La. 163, 210 So.2d 51 (1968), which excludes insurance fees "not required by the seller," is not followed, as motor vehicle insurance is now compulsory. La.R.S. 32:861 et seq.
Gulf finally argues the trial court erred in failing to award it credit for the use which the purchaser has drawn from the thing sold. La.C.C. art. 2531. However, the seller has the burden of proving the value of the use of the defective product. Alexander v. Burroughs Corp., 350 So.2d 988 (La.App. 2d Cir.1977), amended and aff'd, 359 So.2d 607 (1978); Alleman v. Hanks Pontiac-GMC, Inc., supra. On this record there is no such evidence and the trial court did not err in declining to reduce Mrs. Holloway's award.

Conclusion
For the reasons expressed, the judgment is affirmed to the extent that it rescinded the sale of the Buick and condemned Gulf to restore the purchase price together with insurance premiums and tax, title and license. The judgment is reversed to the extent that it also awarded attorney fees and damages for mental anguish. Judgment is rendered as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, Rita Jo Legg Broadway Holloway, and against the defendant, Gulf Motors Incorporated, in the full amount of Nineteen Thousand, Three hundred, sixty-one and .98/1.00 ($19,361.98) Dollars, together with legal interest from date of judicial demand until paid in full, and all costs incurred in the trial court.
Costs of appeal are assessed equally to Mrs. Holloway and to Gulf Motors Inc.
REVERSED IN PART AND RENDERED.
NOTES
[1] Mrs. Holloway has not pleaded the Louisiana "Lemon Law." La.R.S. 51:1941-1948. She also did not allege or prove that she had an express warranty or that Gulf was a manufacturer, both of which are requisites for recovery under the Lemon Law. R.S. 51:1942, 1944.
[2] Mrs. Holloway also presented no evidence that Gulf was General Motors' "authorized motor vehicle dealer" who would be liable to make repairs on the manufacturer's behalf. La.R.S. 51:1942.