629 So.2d 429 (1993)
Kelly Hanks BOUDREAUX, Plaintiff/Appellee,
v.
HARVEY, INC., d/b/a Harvey Toyota, Defendant/Appellant.
No. 93-39.
Court of Appeal of Louisiana, Third Circuit.
December 8, 1993.
*430 Gerald Thomas Arbour, Tina Vicari Grant, Baton Rouge, for Harvey, Inc., d/b/a Harvey Toyota.
Glennon P. Everett, Asst. Dist. Atty., for Kelly Hanks Boudreaux.
Robert Ellis Guillory Jr., Lake Charles, for Chrysler.
Before DOMENGEAUX, C.J., and STOKER and THIBODEAUX, JJ.
DOMENGEAUX, Chief Judge.
Kelly Hanks Boudreaux filed this redhibition suit seeking rescission of the sale of a used 1988 Dodge Dynasty that she purchased from the defendant, Harvey, Inc., d/b/a Harvey Toyota, plus penalties and attorney's fees. After a bench trial, the district court ruled in Mrs. Boudreaux's favor, ordering a rescission of the sale, but denying her claim for penalties and attorney's fees. On appeal, Harvey does not contest the appropriateness of rescission as a remedy; rather, the defendant argues that the trial court erred (1) in failing to award the defendant credit for the plaintiff's use of the vehicle, as provided in La.C.C. art. 2531, and (2) in awarding double recovery of certain items of damages. We find no error in the trial court judgment and affirm.

FACTS
Kelly Hanks Boudreaux purchased the automobile in question from the defendant on June 1, 1989. While test driving the vehicle, she noticed that it hesitated and idled roughly. The defendant's salesman assured her that any problems with the vehicle would be repaired. Upon this representation, Mrs. Boudreaux agreed to purchase the vehicle that day for $12,467.80 (including tax, title and license). She received a $3,000 credit for her old vehicle and put down $500 in cash, financing the balance of $8,967.80 plus finance charges of $3,418.18. She left the vehicle with the defendant for repairs and was given a rental car.
When she picked up her car two weeks later, it was still idling roughly. It "died" on her in a parking lot, and she was able to start it again only with difficulty. She called the defendant, who picked up the vehicle for further repair work and again provided her with a rental car. The same problems persisted after this second attempt to repair the vehicle. A third attempt was likewise unsuccessful. Eventually, the defendant brought the car for repairs to three different Dodge dealerships. The defendant paid for this additional repair work and provided Mrs. Boudreaux with a rental vehicle on each occasion.
Mrs. Boudreaux testified that the Dodge Dynasty never ran properly, in spite of the defendant's numerous attempts at repair. The car's performance improved somewhat after she had the air conditioner disconnected, but this action did not solve the problem. The car continued to idle roughly and to stall at stop signs and in slow traffic. Mrs. Boudreaux stated that she could not depend on the Dynasty for out of state travel and that whenever possible, she used other cars for local transportation. She was thankful that the vehicle's frequent stalling did not result in an accident.

CREDIT FOR USE
In written reasons for judgment, the trial court denied the defendant's request for a credit because the record did not contain any evidence as to the value of Mrs. Boudreaux's use of the car. After reviewing the entirety of the record, we find no error in the trial court's decision not to award such a credit.
*431 Compensation for the buyer's use of a defective product is not automatically granted by the courts. See Alexander v. Burroughs Corp., 359 So.2d 607 (La.1978). The seller has the burden of proving the value of the buyer's use of the product. Holloway v. Gulf Motors, Inc., 588 So.2d 1322 (La.App.2d Cir.1991). However, even the value of extensive use may be overridden by great inconveniences incurred because of the defective nature of the thing and constant interruptions in service caused by the seller's attempts to repair. Alexander, supra, at p. 611.
The trial court correctly found that the defendant failed to introduce any evidence of the value of Mrs. Boudreaux's use of the vehicle. Courts have denied requests for a credit for use on this basis alone. See Holloway, supra; Danilson v. Crown Buick, Inc., 480 So.2d 503 (La.App. 5th Cir.1985). However, we further find that the inconvenience and interruption of service caused by the vehicle's overall poor performance far outweighed any value that Mrs. Boudreaux could have derived from the use of this vehicle. Although the defendant made every effort to repair the vehicle, the record establishes a complete lack of success in this endeavor. Mrs. Boudreaux could not rely on the car for long distance travel; she avoided its use in local traffic whenever possible; only after disconnecting the air conditioning did Mrs. Boudreaux notice an improvement in performance, but this action left her without air conditioning and created problems with the defroster in the winter. We find no error in the trial court's refusal to award a credit. See Alleman v. Hanks Pontiac-GMC, Inc., 483 So.2d 1050 (La.App. 1st Cir. 1985), writ denied 485 So.2d 54 (La.1986).

DOUBLE RECOVERY
The defendant next argues that the trial court judgment provides for double recovery because it returns to the plaintiff all of the car payments she has already made, plus the outstanding balance of the loan, with legal interest on all amounts awarded. We disagree with this contention.
The plaintiff is entitled to recover the price of the vehicle ($11,190.00), tax, title and license fees ($1,277.80) and finance charges ($3,418.18), for a total of $15,885.98, less any amounts resulting from the prepayment of the loan, if it is not yet paid in full. See Alleman, supra, at p. 1056; Davidson v. New Roads Motor Co., Inc., 385 So.2d 319 (La. App. 1st Cir.), writ denied, 391 So.2d 454 (La.1980). Legal interest on the plaintiff's award runs from the date of judicial demand.
We read the trial court judgment to be in conformity with the above paragraph, except that the judgment does not recognize that the defendant is entitled to a credit for any amounts resulting from the prepayment of the loan, if any. We will amend the judgment to reflect the defendant's entitlement to this credit, but in all other respects, the judgment is affirmed.
For the above reasons, the judgment of the trial court is affirmed but as amended herein. Costs of this appeal are assessed to defendant-appellant, Harvey, Inc., d/b/a Harvey Toyota.
AFFIRMED AS AMENDED.