815 So.2d 997 (2002)
Kenneth MILLER
v.
FORD MOTOR COMPANY & Bordelon Motors, Inc.
No. 01-1299.
Court of Appeal of Louisiana, Third Circuit.
February 6, 2002.
*999 Richard Collins Dalton, Dalton Law Firm, Lafayette, LA, Counsel for Plaintiff/Appellant Kenneth Miller.
Kevin Reeve Duck, Duck Law Firm, Lafayette, LA, Counsel for Plaintiff/Appellant Kenneth Miller.
Lawrence B. Sandoz, Jr., Sandoz & Sandoz, Opelousas, LA, Counsel for Defendant/Appellee Bordelon Motors, Inc.
Court composed of JOHN D. SAUNDERS, OSWALD A. DECUIR, and GLENN B. GREMILLION, Judges.
DECUIR, Judge.
This appeal arises from a suit in redhibition filed by Kenneth Miller against Bordelon Motors, Inc. For the reasons that follow, we reverse.

FACTS
On November 9, 1999, Kenneth Miller purchased a "new" 1999 Ford F-150 truck from the defendant, Bordelon Motors, Inc. The purchase price was $28,156.31. In December of 1999, Miller discovered defects in the paint on the front of the truck. After consultation with a friend who owned a body shop, Miller determined that the truck had been damaged and repainted. On January 3, 2000, after the holidays, Miller went to Bordelon and complained of the defect, the existence of which was confirmed by employees of Bordelon. At that time, Bordelon denied any knowledge of damage to the vehicle or the repainting, but agreed to investigate. After failing to resolve the matter with Bordelon, Miller filed this lawsuit. Several months after Miller filed, Bordelon admitted that its records showed that the truck had been "egged" on Bordelon's lot and that Bordelon had repainted the truck.
On April 17, 2001, the matter was tried and the court found that there were no redhibitory defects and ordered Miller to submit the truck to Bordelon for repainting. Miller lodged this appeal.

REDHIBITORY DEFECT
Miller first contends that the trial court erred in finding that no redhibitory defect existed and in failing to award the return of the purchase price or a reduction of price. We agree.
Louisiana Civil Code Article 2520 states in pertinent part:
. . . .
A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.
A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its *1000 value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.
In this case, the trial court found that no redhibitory defect existed. This finding is subject to the manifest error standard of review. Powell v. Regional Transit Auth., 96-0715 (La.6/18/97), 695 So.2d 1326. With due regard for that standard, we find that there is no reasonable factual basis for the trial court's conclusion. The trial court cites the first and second paragraphs of Article 2520 in its reasons for judgment and concludes that the truck was neither useless nor its use so inconvenient that Miller would not have bought it and, therefore, no redhibitory defect existed. We agree with that assessment insofar as it goes. However, we find that the evidence before us places this case within the scope of the third paragraph of Article 2520. That is to say, we find that the defect, while not rendering the truck totally useless, did diminish its value such that a buyer would still have bought it but for a lesser price. Accordingly, the trial court erred in concluding that no redhibitory defect existed.
Ordinarily, a finding of a redhibitory defect under this section of Article 2520 would only entitle Miller to a reduction in price. However, Miller argues that Bordelon knew of the defect and, therefore, La.Civ.Code art. 2545 applies. That article states:
A seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees. If the use made of the thing, or the fruits it might have yielded, were of some value to the buyer, such a seller may be allowed credit for such use or fruits.
A seller is deemed to know that the thing he sells has a redhibitory defect when he is a manufacturer of that thing.
La.Civ.Code art. 2545.
The trial court found no bad faith on the part of the seller because the defect was not readily observable, and there was no evidence that the sales consultant or the President of the corporation knew at the time of the sale that the truck had been repainted. However, the trial court also found that someone at Bordelon Motors, Inc. knew of the damage and repainting at some point before the sale. We find the trial court was manifestly erroneous in concluding that Article 2545 does not apply in this case.
The evidence in the record is clear that the truck was damaged at Bordelon Motors. The truck was subsequently repaired and repainted at Bordelon Motors and it filed a claim with its insurer to recover the cost of the repairs. The fact that the salesman and President claim no knowledge of the defect is immaterial. Bordelon Motors had actual knowledge of the defect.
[O]ur civilian law recognizes and dictates that an automobile dealership has the responsibility and obligation to inform a potential purchaser that the automobile purchased had been damaged and repaired before the sale. This responsibility exists both in law and fact in order to afford the consumer an opportunity to make an informed and intelligent purchasing decision. *1001 Danilson v. Crown Buick, Inc., 480 So.2d 503, 505 (La.App. 5 Cir.1985). Bordelon did not notify Miller that the truck had been damaged and repaired. Therefore, Miller is entitled to recission of the sale and damages as authorized by Article 2445.

DAMAGES
Miller first requests that he be awarded a refund of the purchase price of the truck. The original purchase price was $28,156.31. Miller purchased the truck with a trade-in valued at $5,817.71 and financed the balance of $18,610.29. His monthly payments are $359.81. The record reflects that as of the date of trial, April 17, 2001, Miller had made 27 payments for a total of $9,714.87. Accordingly, Miller had paid $15,532.58 ($9,714.87 plus $5,817.71) for the truck as of the trial date. In addition, Miller is entitled to reimbursement for any payments made since the trial date.
Miller also claims reimbursement for his insurance expenses. Insurance premiums are reasonable expenses occasioned by the sale. Holloway v. Gulf Motors, Inc., 588 So.2d 1322 (La.App. 2 Cir. 1991); Purvis v. Statewide Trailer Sales, Inc., 339 So.2d 403 (La.App. 1 Cir.1976). "The older case of Cain v. Rapides Dodge, Inc., 207 So.2d 918 (La.App. 3d Cir.), writ denied, 252 La. 163, 210 So.2d 51 (1968), which excludes insurance fees `not required by the seller,' is not followed, as motor vehicle insurance is now compulsory. La.R.S. 32:861 et seq." Holloway, 588 So.2d at 1328. Miller paid premiums of $73.63 per month from November 1999 through December 2000 and $70.20 per month until trial. Thus, as of trial, his insurance expenses were $1,311.62. Miller is also entitled to recover any insurance premiums paid since the date of trial.
Miller requests an award of attorney's fees at both the trial and appellate level. In discussing the availability of attorney's fees in Meche v. Harvey, Inc., 95-848 (La.App. 3 Cir. 12/6/95), 664 So.2d 855, 859, writ denied, 96-0084 (La.3/8/96), 669 So.2d 402, we said:
In Harper v. Coleman Chrysler-Plymouth Dodge, Inc., 510 So.2d 1366 (La. App. 3 Cir.1987), we stated:
To recover attorney's fees the buyer must prove knowledge of the defect by the seller. However, he need not prove willful misrepresentation; he need only show actual or constructive knowledge by the seller. Therefore, if the seller knew or should have known of the defect and failed to declare it to the buyer, the seller is liable for reasonable attorney's fees.
Harper, 510 So.2d at 1370.
The evidence clearly reflects that Bordelon had knowledge of the defect. Accordingly, an award of attorney's fees is appropriate. Miller submitted attorney's fees of $6,250.00 for the trial and requests $1,000.00 on appeal. We find those amounts reasonable.
Finally, Miller requests that we award non-pecuniary damages for his mental anguish and inconvenience. Damages for mental anguish are generally not recoverable in an action for recission of the sale of a car. La.Civ.Code art. 1998; Meador v. Toyota of Jefferson, 332 So.2d 433 (La.1976). Article 1998 does provide that such damages are recoverable where the "obligor intended, through his failure, to aggrieve the feelings of the obligee." We find no evidence of such an intent in this case.
We note that Article 2445 provides for a credit to the seller for the use which the purchaser has drawn from the thing sold. The seller, however, bears the *1002 burden of proof in establishing the value of the credit. Meche, 664 So.2d 855. Bordelon has not requested a credit from this court, and the record does not reflect that it produced evidence to support a credit. Bordelon failed to carry its burden.

DECREE
For the foregoing reasons, the judgment of the trial court is reversed and judgment rendered as follows:
IT IS ORDERED ADJUDGED AND DECREED that Bordelon Motors, Inc. refund the purchase price of $15,532.58, together with legal interest from the time it was paid by Kenneth Miller, plus any further payments made since trial.
IT IS ORDERED ADJUDGED AND DECREED that Bordelon Motors, Inc. reimburse Kenneth Miller $1,311.62 for insurance premiums paid as of the date of trial, plus any premiums paid since that date.
IT IS ORDERED ADJUDGED AND DECREED that Bordelon Motors, Inc. pay Kenneth Miller $7,250.00 for attorney's fees.
IT IS ORDERED ADJUDGED AND DECREED that Kenneth Miller return the 1999 Ford F-150 to Bordelon Motors, Inc. upon payment of this judgment.
IT IS ORDERED ADJUDGED AND DECREED that all costs of these proceedings be assessed to Bordelon Motors, Inc.
REVERSED AND RENDERED.