563 So.2d 540 (1990)
WERNER ENTERPRISES, INC.
v.
WESTEND DEVELOPMENT COMPANY, a Partnership in Commendam.
No. 89-CA-550.
Court of Appeal of Louisiana, Fifth Circuit.
June 6, 1990.
*541 Theodore W. Nass, New Orleans, for plaintiff-appellant.
John A.E. Davidson, Metairie, for defendant-appellee.
Before CHEHARDY, GRISBAUM and DUFRESNE, JJ.
GRISBAUM, Judge.
This appeal relates to permanent injunctive relief in a property dispute. We affirm.

ISSUES
(1) Whether the defendant failed to join an indispensable party, and
(2) Whether the trial court erred in finding that the defendant was entitled to injunctive relief.

PROCEDURAL HISTORY
The history of this ongoing dispute is set forth in this Court's previous opinion, Werner Enterprises, Inc. v. Westend Dev. Co., 477 So.2d 829 (La.App. 5th Cir.1985). That decision involved our disposition of the trial court's judgment granting a preliminary injunction in favor of Westend Development based on the same facts involved in the present appeal. Because the preliminary injunction erroneously ordered affirmative action on the part of Werner Enterprises, we set aside the judgment granting the preliminary injunction and remanded the matter for further proceedings. Accordingly, the trial court conducted a hearing and, on August 21, 1987, issued the following judgment:
IT IS ORDERED, ADJUDGED, AND DECREED that a permanent injunction issue herein restraining and enjoining the defendant, Werner Enterprises, Inc., from maintaining the deck or tie-in between the building at No. 1928 Westend Park and their adjoining building, and that the defendant be ordered to maintain a separation between No. 1928 Westend Park and the deck for the adjoining building or of a minimun [sic] of ten (10) feet.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the said defendant do restore the building at No. 1928 Westend Park to the condition in which it was prior to the erection of the deck between the two buildings.
IT IS FURTHER ORDERED, ADJUDGED[,] AND DECREED that the said defendant shall have a period of fifteen (15) days within which to restore the building at No. 1928 Westend Park and to remove the deck between the buildings so that a minimum of ten (10) feet shall exist between the building at No. 1928 Westend Park and the remaining deck or the adjoining building.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that in default of the said Werner Enterprises, Inc., removing the said deck and restoring the building at No. 1928 Westend Park that the plaintiff[,] Westend Development Company, be entitled to file a claim for the cost thereof against Werner Enterprises, Inc.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all costs of this proceeding are to be borne by the defendant, Werner Enterprises, Inc.
Thereafter, the trial court granted a new trial and, on October 13, 1987, it issued the following judgment:

*542 IT IS ORDERED, ADJUDGED AND DECREED that the motion for new trial is granted and the previous judgment of August 21, 1987[,] is amended to read; [sic]
IT IS ORDERED, ADJUDGED AND DECREED that a permanent injunction issue herein restraining and enjoining the defendant, Werner Enterprises, Inc., from maintaining the deck or tie-in between the building at No. 1928 Westend Park and their adjoining building, and that the defendant be ordered to maintain a separation between No. 1928 Westend Park and the deck for the adjoining building or of a minimun [sic] of ten (10) feet.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the said defendant do restore the building at No. 1928 Westend Park to the condition in which it was prior to the erection of the deck between the two buildings.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the owner of the property located at 1928 Westend Park have use of the deck that begins at the edge of the building up to the line of pilings approximately 15 to 17 feet from the building at 1928 Westend Park for 60 days.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the owner of the building at 1930 Westend Park have use of the deck up to 10 feet from 1928 Westend Park from the 61st day from this judgment until [the] 120th day following this judgment.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that on the 121st day from this judgment the owner of 1930 Westend Park is to remove the deck 10 feet away from 1928 Westend Park to Westend Park and rebuild or salvage enough deck so that 1928 Westend Park has 6' of deck on the portion between 1928 and 1930; said reconstruction shall be completed within 15 days or by the 135th day following this judgment. Said 6' deck shall be of the same quality as the previous deck that existed prior to the modification complained of herein.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the owner of 1930 Westend Park shall remove all his debris from 1928 Westend Park and shall be entitled to remove the lumber belonging to him.
On September 1, 1988, the trial court heard a "Motion for Partial New Trial and Rule for Contempt" and ordered "that the Judgment rendered by this court on October 13, 1987[,] be reaffirmed and the Rule for Contempt dismissed."

ANALYSISISSUE ONE
La.C.C.P. art. 641 provides:
Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
No adjudication of an action can be made unless all indispensable parties are joined therein.
Additionally, La.C.C.P. art. 2163, in part, provides that appellate courts "may consider the peremptory exception filed for the first time in that court ... if proof of the ground of the exception appears of record." That is, the appellate court has discretion over whether to review the exception. Guitreau v. Juneau, 479 So.2d 431, 433-34 (La.App. 1st Cir.1985). In reviewing the record, however, we note that no exception appears of record and the basis of the allegations of an indispensable party is only asserted in brief. Despite this potential fatal flaw, in the exercise of extreme caution, we address the appellant's assertion.
The record shows that the structures over which the present dispute arises are located on pilings placed into Lake Pontchartrain, a state-owned water bottom. In order to secure rights to build over these water bottoms, a valid lease must be entered into with the State of Louisiana conferring such rights. Apparently, the parties to this action have secured leases from the State of Louisiana to build the structures involved in this dispute. On this basis, Werner Enterprises asserts the State *543 of Louisiana is an indispensable party to these proceedings. We disagree. The dispute between Werner Enterprises and Westend Development is based solely on the rights of Werner Enterprises vis-a-vis Westend Development in building the deck and attaching it to Westend Development's structure. No interest of the State of Louisiana is being adjudicated in these proceedings. Any dispute regarding the existence of or the validity of a lease from the State of Louisiana is irrelevant to this action and will not be determined by resolution of the case. Accordingly, this assignment of error has no merit.

ISSUE TWO
Werner Enterprises additionally contests the propriety of the trial court judgment granting a permanent injunction in favor of Westend Development. Our disposition is hampered by the unexplained absence from the record of numerous exhibits and of the transcript of the hearing on the preliminary injunction. These missing items are especially significant since it appears that the trial court combined the evidence adduced at the hearing on the preliminary injunction together with additional evidence introduced at trial of the permanent injunction in reaching its decision. Therefore, a complete review is impossible without the missing exhibits and transcripts.
La.C.C.P. art. 2161 provides:
An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.
(Emphasis added.)
Additionally, La.C.C.P. art. 2132 provides:
A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.
We are unable to determine where responsibility lies for the absence of material evidence in the record. Furthermore, this Court, on its own motion, has already supplemented the appellate record by ordering other records involving this dispute. In doing so, we found that the Twenty-Fourth Judicial District Court was unable to locate any other records in this matter; therefore, we were relegated to ordering duplicate records from the Louisiana State University archives. Despite these efforts, we still have not been furnished with a complete record. Moreover, we note that the appellant has made no attempt whatsoever to correct these deficiencies. Without the missing exhibits and transcripts, this Court does not, on review, have any basis by which to determine that the trial court committed error in construing the evidence contrary to the appellant's contention. Under these circumstances, the trial court judgment is presumed to have been based upon sufficient evidence and in accordance with the law in the absence of a showing in the record to the contrary. Vehrs v. Jefferson Ins. Co., 168 So.2d 873 (La.App. 3d Cir. 1964), writ denied, 247 La. 256, 170 So.2d 511 (1965); Clark v. Richardson, 157 So.2d 325 (La.App. 3d Cir.1963). We, therefore, affirm the trial court judgment.
For the reasons assigned, the trial court's judgment is hereby affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.