595 So.2d 337 (1992)
James C. BROWN, Plaintiff-Appellee,
v.
Michelle BROWN, Defendant-Appellant.
No. 23330-CA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1992.
*338 James D. Slack, Shreveport, for defendant-appellant.
Rederick Lewis, Shreveport, for plaintiff-appellee.
Before MARVIN, SEXTON and LINDSAY, JJ.
MARVIN, Chief Judge.
In this custody dispute, the mother appeals a judgment sustaining the exception of lack of subject matter jurisdiction under the Uniform Child Custody Jurisdiction Act, LRS 13:1700 et seq., that the father filed in response to the mother's rule to change the Louisiana court's earlier award of sole custody to the father, who, with the child, moved to Michigan after the sole custody award was made.
The father claimed, and the trial court found, that Michigan was the child's home state under § 1702 A(1) when the mother filed her rule to change custody. The court rejected the mother's argument that Louisiana retained jurisdiction to modify custody under the "significant connection/substantial evidence" provisions of § 1702 A(2), even if Michigan was the child's home state under § 1702 A(1).
The facts concerning the child's age and comparative connections with Louisiana and Michigan were apparently presented to the trial court by stipulation, which was not filed or dictated into the trial court record. The only "fact" mentioned in the trial court's reasons for judgment is that "the child has lived with her father (who had court ordered sole custody) in Michigan since September 9, 1989," or for 11 months before the mother filed her rule on August 9, 1990. The trial court found that Michigan was the child's home state and that "none of the exceptions to the general home state rules exists ..."
The mother states other "facts" in her brief that do not appear in the record or in the trial court's reasons for judgment. We cannot consider this unilateral narration in brief of "facts" that do not otherwise appear in the record in the form of transcribed testimony or in a narrative of facts made either by the parties or by the trial court. CCP Arts. 2130, 2131; Johnson v. Bucyrus-Erie Co., 476 So.2d 1074 (La.App. 3d Cir.1985).
The issues raised in the mother's appeal are essentially factual. As appellant, the mother had the duty to furnish to us, in reviewable form, the facts that were presented to the trial court at the hearing of the exception. Without these facts, our review is limited to determining whether the trial court correctly applied the law to the facts it "found." Smith v. Gilmer, 488 So.2d 1143 (La.App.2d Cir.1986); State through DHHR v. Simmons, 521 So.2d 749 (La.App.2d Cir.1988).
The trial court found that the child had lived in Michigan since September 9, 1989, or for more than six months before the mother's rule to change custody was filed. We find no legal error in the trial court's conclusion that Michigan was the child's home state under § 1702 A(1).
By finding that none of the "exceptions to the home state rule" applied, the trial court obviously recognized, as the mother argued there and here, that the "home state" finding did not necessarily preclude the Louisiana court from exercising continuing jurisdiction under § 1702 A(2) if Louisiana had a closer connection with the child than did Michigan. The court's conclusion that Louisiana did not have a closer connection with the child was based on facts that were not expressly stated in the reasons for judgment and do not otherwise appear in the record in reviewable form.
The judgment presents no legal error based on the discernible facts in the record. At appellant's cost the judgment is
AFFIRMED.