645 So.2d 280 (1994)
Helen M. GAY, Plaintiff-Appellant,
v.
C & D OF SHREVEPORT, et al., Defendants-Appellees.
No. 25,319-CA.
Court of Appeal of Louisiana, Second Circuit.
October 26, 1994.
*281 Jack M. Bailey, Jr., William K. Adams, Steven L. Rushing, Shreveport, for appellant.
Mayer, Smith & Roberts by David F. Butterfield, Shreveport, for appellees, C & D of Shreveport and Roger Tharpe.
Crawford & Anzelmo, by Donald J. Anzelmo, Monroe, for Cross-Country Inn, Summit Hotel Management Co. & American Motorists Ins. Co.
Before MARVIN, LINDSAY and HIGHTOWER, JJ.
MARVIN, Chief Judge.
Helen Gay appeals the dismissal of her worker's compensation action against her actual employer and various alleged statutory employers on a summary judgment, which was granted on findings that her claim was filed with the Office of Worker's Compensation Administration (OWC) more than one year after her work accident, and that she had not shown any basis for the interruption or suspension of prescription. The pivotal issue is whether Gay's claim should be deemed "filed" with OWC when it was mailed (allegedly on November 7, 1990, within one year of the November 8, 1989, accident) or when it was received by OWC (on November 13, 1990, more than one year after the accident).
We affirm the ruling that the claim was untimely. We note, however, that the plea of prescription was raised by only three of the eight defendants in the action. The judgment dismisses the entire action with prejudice, contrary to CCP Art. 927. This article precludes a court or tribunal from supplying the exception of prescription for a defendant who has not pleaded it. Hayes v. Hayes, 607 So.2d 3 (La.App.2d Cir.1992); Pearce v. George P. Reintjes Co., Inc., 493 So.2d 892 (La.App.3d Cir.1986).
We shall amend the judgment to limit the dismissal to the claims of the three defendants who asserted prescription.

DISCUSSION
Gay named only her actual employer, C & D of Shreveport, in the initial claim she submitted to OWC in November 1990. She amended her claim in May 1991 and in January 1992 to add the statutory employer defendants, three of whom raised the prescription issue. Gay contends her amended claims relate back to the initial, and she says timely, filing. Defendants contend the claims do not relate back and argue that in any event, the initial claim was untimely. Assuming without deciding that the amended claims relate back, we limit our review to the timeliness of the initial claim.
When Gay submitted her initial claim to OWC in November 1990, a claim was statutorily considered "filed" when it was received by OWC. LRS 23:1310.3 A(1). By that statutory standard, which the worker's compensation hearing officer (WCHO) applied, Gay's claim was clearly untimely.
The statute was amended in 1991 to declare the date of mailing, rather than the date of receipt, as the filing date. § 1310.3 A, as amended by Acts 1991, No. 892, effective September 6, 1991. A claim filed by mail was presumed to be timely if it was received on or before the first legal day after expiration *282 of the due date. Absent the presumption, the statute provided that "the timeliness of the mailing shall be shown only by an official U.S. Postmark or by official receipt of certificate [sic] from the United States Postal Service made at the time of mailing which indicates the date thereof." § 1310.3 C, added by Acts 1991, No. 892; our emphasis. The presumption of timeliness does not apply here.
Gay mailed her claim within a year of the accident, according to the affidavits of Gay and her counsel, which were filed in opposition to the summary judgment motion. Gay urged the WCHO to apply retroactively the 1991 amending language regarding the filing date, noting that legislation dealing with prescription is generally considered to be procedural rather than substantive. The WCHO implicitly ruled against Gay on the retroactivity issue, deeming the date of receipt of the claim as the filing date. Gay reasserts her retroactivity argument here.
Retroactive application of a prescriptive provision is foreclosed when the cause of action has prescribed before the provision takes effect. Chance v. American Honda Motor Co., Inc., 93-2582 (La. 4/11/94), 635 So.2d 177; Hall v. Hall, 516 So.2d 119 (La. 1987); Bishop v. Simonton, 615 So.2d 8 (La. App.2d Cir.1993), writ denied. The one-year prescriptive period on Gay's claim arising from her November 8, 1989, accident had already accrued when the amendment of § 1310.3 became effective in September 1991. Under these circumstances, the amendment does not avail Gay.
In any event, and even if the amendment could be applied retroactively, Gay did not produce an official U.S. postmark or a certificate of mailing from the post office, the sole or "only" means of proving that her mailing was timely under the express wording of the statute she seeks to invoke.
Gay suggests that her failure of proof in this regard should be imputed to OWC. According to the affidavits of Gay and her counsel, the claim was sent to OWC in two separate envelopes on November 7, 1990, one by regular mail and one by certified mail. Gay's counsel asserted during oral argument here that he was unable to obtain from OWC the postmarked envelopes in which the claim was mailed, notwithstanding that he subpoenaed the entire OWC file before the hearing on the motion for summary judgment. No such subpoena appears in this record. Counsel also stated that he objected to having the motion heard without a complete response from OWC, a matter which we are unable to verify because the record before us does not contain a transcript of the hearing on the motion.
As the appellant, Gay bore the burden of furnishing us with a record of the proceedings before the WCHO in reviewable form. See generally CCP Arts. 2128-2130; Brown v. Brown, 595 So.2d 337 (La.App.2d Cir.1992). When the record lacks a transcript that is pertinent to an issue raised on appeal, the inadequacy of the record is attributable to the appellant. West Consol. Co. v. Creole Fisheries, 616 So.2d 268 (La. App.2d Cir.1993); Carter v. Barber Bros. Contracting Co., Inc., 623 So.2d 8 (La.App. 1st Cir.1993), writ denied.
The record furnished to us by Gay does not substantiate her arguments that she took formal steps to obtain the postmarked envelopes from OWC and that she was denied a fair hearing on her opposition to the summary judgment motion because of OWC's failure to respond to her formal request.
In her supplemental memorandum in opposing summary judgment, Gay asserted that her counsel had "examined the file contained at the [OWC], and the [OWC] does not seem to have maintained the envelopes received or the postmarks." Gay argues that OWC had an affirmative duty to retain the postmarked envelopes, and that she thus had "no reason" to obtain a certificate of mailing from the post office, in light of the fact that the postmark is critical to her case under § 1310.3, as amended in 1991. When the claim was mailed and filed, however, some ten months before the amendment took effect, the date of receipt of the claim, rather than the date of mailing, was the decisive date. Gay cites no authority for requiring OWC to retain the postmarked envelopes *283 under the law in effect before the 1991 amendment.
OWC's filing stamp on the claim filed in this record shows the date of receipt as November 13, 1990, more than one year after the November 8, 1989, accident. The claim being thus prescribed on its face, the burden then shifted to Gay to prove that prescription had not run. Burdeaux v. Cline, 626 So.2d 1205 (La.App.2d Cir.1993), writ denied; Lee v. Succession of Chapman, 463 So.2d 896 (La.App.2d Cir.1985). Gay attempted to meet this burden by relying on the 1991 amendment of § 1310.3. The WCHO implicitly and correctly found that the amendment did not apply.

DECREE
We amend the judgment to limit the dismissal of Gay's claims on the grounds of prescription to the three defendants who pleaded prescription: Cross-Country Inn of Shreveport, Hotel Management Company and American Motorists Insurance Company.
As amended, and at Gay's cost, the judgment is AFFIRMED.