655 So.2d 558 (1995)
Leland A. HURT, Plaintiff-Appellant,
v.
WESTERN AMERICAN TRUCKING COMPANY, Defendant-Appellee.
No. 26918-CA.
Court of Appeal of Louisiana, Second Circuit.
May 10, 1995.
*559 John W. Montgomery, Minden, for appellant.
Piper & Associates by Robert E. Piper, Jr., Shreveport, for appellee.
Before SEXTON, NORRIS and LINDSAY, JJ.
NORRIS, Judge.
This is a worker's compensation case in which the claimant, Leland Hurt, appeals the hearing officer's judgment denying his request for penalties and attorney fees against his employer, Western American Trucking Company (Western American).[1] For the following reasons, we affirm.

Facts
In December 1991, Hurt, then a truck driver for Western American, injured his back while tying down a load near Santa Rosa, Florida. After the accident, Hurt received weekly benefits from Western American itself; Western American's financially unstable insurer, Presidential Fire and Casualty, was eventually declared insolvent and taken over by the Louisiana Insurance Guaranty Association (LIGA). LIGA ultimately reimbursed Western American for all benefits it had paid Hurt. At LIGA's instruction, Western American stopped paying the benefits on September 1, 1993. In November, Hurt filed a worker's compensation claim against Western American.
In February 1994, the hearing officer awarded Hurt temporary total disability benefits from September 1992 until March 1993, and ordered LIGA to pay any unpaid medical expenses. The hearing officer could not assess penalties or attorney fees against LIGA, but specifically reserved that issue as to Western American. Hurt filed a motion to fix penalties and fees against Western American. The record reflects that a hearing was set for March 13, 1994; however, we find no transcript in the appellate record of such a hearing. By subsequent judgment in March 1994, the hearing officer denied the motion; she found that based on the treating physician's report, Hurt's initial refusal to undergo an MRI, and the total absence of any objective symptoms, Western American was not arbitrary, capricious or without probable cause to stop paying and refuse to reinstate Hurt's benefits. La.R.S. 23:1201.2. The hearing officer also found that Western American reasonably controverted the claim. La.R.S. 23:1201 E. Hurt has appealed the March 1994 judgment only.
On appeal, Hurt contends the trial court erred in failing to award him penalties and attorney fees. The basis for the award, he argues, is Western American's failure to conduct an investigation to determine whether he was still injured; Western American admitted by stipulation that it simply complied with LIGA's request to discontinue paying his benefits. In reply, Western American contends it cannot be held liable for penalties and attorney fees under § 1201.2 because it is insured.

Discussion
The sole issue before this court is whether penalties and attorney fees should have been awarded. La.R.S. 23:1201.2 provides for the assessment of attorney fees against "[a]ny insurer liable for claims arising under this Chapter, and any employer whose liability for claims arising under this Chapter is not covered by insurance[.]"[2] Pursuant to this statute, attorney fees may not be assessed against an insured employer. La.R.S. 1201 E allows a penalty against either *560 the employer or the insurer, depending upon who was at fault in causing the delay.
In brief, Hurt asserts he is entitled to attorney fees of $7,119.26 as supported by his evidence, including an exhibit, presented at the hearing on the motion to fix penalties and fees. Hurt claims ignorance as to why the record does not contain the transcript of this hearing. He also requests a penalty assessment of $2,000. As is clear from La. R.S. 1201.2, Hurt's claim for attorney fees is statutorily barred; the parties stipulated that Western American was covered at the time of the accident by a policy of worker's compensation insurance issued by Presidential Fire and Casualty. While there is arguably an issue regarding Hurt's entitlement to penalties against his employer under La.R.S. 1201 E, he has failed to secure the transcript of the hearing containing the evidence pertaining to this claim.
As the appellant, Hurt had the duty to provide the appellate court with a reviewable record of the proceedings before the hearing officer. See generally La.C.C.P. arts. 2128-2130; Brown v. Brown, 595 So.2d 337 (La.App. 2d Cir.1992); Gay v. C & D of Shreveport, 25,319 (La.App. 2d Cir. 10/26/94), 645 So.2d 280, 282. When the record does not contain a transcript that is pertinent to an issue raised on appeal, the inadequacy of the record is imputable to the appellant. Gay v. C & D of Shreveport, supra, and citations therein. In the instant case, additional evidence on the issue of penalties and attorney fees was introduced at a hearing; we cannot verify any of the information because Hurt failed to include the transcript of the hearing in the record on appeal. Thus in the absence of any evidence to the contrary, we will presume that the trial court's ruling was correct. See Sea Tang Fisheries, Inc. v. You'll See Sea Foods, Inc., 569 So.2d 992 (La.App. 1st Cir.1990), writ denied, 572 So.2d 89 (1991).

Conclusion
For the foregoing reasons, the March 1994 judgment of the hearing officer denying Hurt's request for penalties and attorney fees is affirmed. Costs are assessed to the appellant, Leland Hurt, to the extent allowed under La.C.C.P. art. 5181 et seq.
AFFIRMED.
NOTES
[1] The parties later stipulated that the name of the company is actually Western American Specialized Transportation Services, Inc. For clarity, however, we retain the style and caption used by the lower court.
[2] This provision formerly provided for both penalties and attorney fees; penalties are now referenced under La.R.S. 23:1201 E. Acts 1983, No. 1, § 1 (1st Ex.Sess). The "arbitrary and capricious" standard applies to attorney fees whereas assessment of penalties now requires a determination of whether the employer or insurer has "reasonably controverted" the compensation claim. See Johnson v. Vinson Guard Service, Inc., 92-2187 (La.App. 1st Cir. 3/11/94), 636 So.2d 914.