liBARRY, Judge.
On March 22,1995 the defendants lodged a one volume record under appeal number 95-CA-0638, which contained: two May 20,1993 transcripts; one April 3,1993 transcript; one juvenile court judgment signed February 24, 1995[1] (read and rendered June 18, 1993) in the name of Nathaniel Solomon along with his bill of information, several minute entries and a rule to show cause (although his appeal had been dismissed). The record also contained: a per curiam signed February 24, 1995 (orally issued June 18, 1993); a “LISTING OF CASES IN ALPHABETICAL ORDER * * * (145-737-D, NATHANIEL LOWEST CASE NUMBER)” containing 58 names. Also, it included Solomon’s February 24,1995 motion for extension of time and for appeal “from the adverse adjudications which granted a Petition For Conversion transposing an invalid predicate LSA-R.S. 14:74 |2et seq., Criminal Neglect of Family judgment to a LSA-R.S. 46:236 et seq., Family and Child Support Programs charge without vacating said earlier proceeding as a precondition for entry of a new plea in the above entitled and numbered cause: the initial rulings of March 5th 1992 and May 20th 1993, being held in abeyance and continued at the court’s own behest for reconsideration and final decision until the 23rd day of February, 1994 wherein both the invalid predicate judgment and Petition for Conversion were sustained by the Honorable Lawrence Lagarde, Jr.” The record included the Juvenile Court Clerk’s certification that the 101 pages of the volume contained the complete transcript of all proceedings, documents, and testimony adduced.
The record contains dismissals of appeals as to Adam Brown, Emmanuel Burthalong, Melvin Counsins (Cousins), John Davis, James Fields, Milton Lundy, Sidney Recas-ner, Sidney Smith, Nathaniel Solomon, Nathan Summers, Louis Thompson, Felters Veal III, Raymond Williams, and Charles Witson; Burthalong, Lundy, Sidney Smith and Raymond Williams were not on the juvenile court list, but briefs were filed for all but Williams. The juvenile court list had 58 names (the per curiam states there are 68 defendants and names defendants who are not on the list). Sixty-three (63) defense briefs were filed. The State’s brief claims *1041 there are 64 defendants on appeal (including one defendant whose name is not on the list and whose appeal was dismissed). The record was grossly inadequate which made it impossible to determine which judgment(s) was being appealed, which defendants were before juvenile court, and which defendants were properly before this Court on appeal,
On October 31, 1995 this Court issued a rule to show cause why the appeal should not be dismissed because the record was severely deficient. OIDP was ordered to supplement the record by November 7, 1995 or show cause on November 8, 1995 why the appeal(s) should not be dismissed. On November 8, Rtwo hours before oral argument was scheduled, defense counsel delivered three boxes which contained 57 defendants’ complete juvenile court files (not in alphabetical order) to this Court’s Clerk’s Office. No motion to supplement was filed and no part of the records (judgments, minute entries, petitions, etc.) was designated as the record on appeal or certified by the clerk of juvenile court. At oral argument defense counsel could not explain how 58 (according to the juvenile court list) or 68 (according to the judge’s per curiam) or 63 (according to defense briefs filed here) or 64 (according to State’s brief) cases were before the juvenile court at the same time or how the appeals were lodged in this Court under one number with one small volume containing a judgment and minute entries as to one defendant (whose appeal had been dismissed).
Originally the defense filed in this Court 63 briefs which were almost identical. Some briefs had two defendants’ names on the cover. Briefs were submitted for defendants whose names were not on the juvenile court list and whose appeals had been dismissed. Although the defendants were clearly not in the same situation legally or proeedurally, the briefs were written without reference to an individual’s case. Each brief stated that the District Attorney filed a petition for child support converting an invalid predicate, even though petitions were not filed in all cases. The State correctly noted in its brief that some defendants had pleaded guilty to the charge of criminal neglect of family, some had been found guilty, and some consented to a support judgment in lieu of prosecution, Some had been informed of their right to counsel which was waived. Other defendants had counsel present. Some original guilty pleas or adjudications dated to the 1970’s, some of the defendants’ children had reached majority, some defendants had paid their arrearages, some cases remained active, and the State elosed some cases‘ However, the defense made no distinctions. Every brief -li.declared that “the record is devoid of the defendant bang advised of his basic right to counsel....
On December 20, 1995 this Court issued a detailed and specific Order. Defense counsel was ordered to supplement the record with certified transcripts and to designate each defendant’s appellate record as to judgments, rulings, minute entries, motions, and pleadings, which were involved in each appeal. Counsel was also ordered to re-file each defendant’s brief which was to state whether the defendant pleaded guilty, was found guilty, or consented to a support judgment, whether he had been advised of his right to counsel or had counsel present, and whether that impacted his appeal. Counsel was to designate the cases where a civil petition for child support was filed and how that impacted the defendant(s) appeals. Defense counsel was granted 30 days to comply. On January 17, 1996 defense counsel filed a motion for an additional 30 days but no basis was stated for the motion. There was no showing that any effort had been made to comply with the Order and the records (in our Clerk’s Office) had not been requested for review. The motion for additional time was denied on January 18,1996.
On January 19, 1996 defense counsel filed a written response to this Court’s Order. According to the response, 62 defendants were before the juvenile court on May 20, 1993 (2 listed by the State in its brief are not included by the defense). The list contains numerous errors. The defense declares that the appeals of 50 defendants are still pending before this Court, but 63 briefs (including briefs for those defendants whose appeals had been dismissed) were re-filed on January 19, 1996 (not in alphabetical order). The defense list includes two defendants who are *1042 not on the juvenile court list (although they are mentioned in the juvenile court’s per curiam as defendants who were advised of their right to counsel). For the first time the defense acknowledges that there are at least two different categories of | gdefendants. One category includes defendants who seek to vacate the original adjudications (24 defendants including 5 dismissed defendants). The response does not list the defendants in the second category, i.e., those seeking to vacate the original adjudication and the petition for child support, and no total is given. The State’s brief noted that it filed civil petitions for child support on February 3, 1992 in 33 cases (a list attached to its brief states 34 petitions), but the State obtained no judgment ordering child support pursuant to the 1992 petitions. The record was never designated to include petitions filed against a number of defendants. The defense list (those names not included in the first category) and the State’s list in its original brief are not identical.
The defense re-filed briefs on January 19, 1996, which contain misspellings and at least one transposed name. The briefs do not consider the defendants individually. Each brief contains the same statement that the record does-not show the defendant(s) were advised of right to counsel. However, the defense did not supplement the appellate record with the minute entry/judgment supporting that allegation even though the State correctly notes that a number of the defendants were advised of their right to counsel. The defense briefs do not note each defendant’s plea, or adjudication, or consent judgment and whether the record shows that the defendant was advised of his right to counsel. Only the discussion of the petition as a conversion procedure was deleted from the refiled briefs in cases where no petition was filed. The defense and the State do not agree on the cases which fall into that category.
The defense declares that all defendants appealed the March 5,1992 ruling and quotes verbatim from the re-filed briefs which state that appeals from that ruling (which “was then held in abeyance and continued at the trial court’s behest for reconsideration and further determination”) were signed on March 10, 1992 ¡ n(the correct date is March 19, 1992). The record has not been supplemented with those motions or signed orders. In a footnote in its response and re-filed briefs the defense states: “Defendant’s appeal brief was proffered on May 8, 1992 to the appellate clerk who decline [sic] acceptance as a result of lower court record not being lodged.” There is no explanation as to the status of those appeals. Once again the defense has not lodged the proper appellate record in this Court under #95-CA-0638.
This Court ordered that the record be supplemented, but the defense attached xeroxed copies of several transcripts and a stack of minute entries, unsigned motions for extension of the time on the appeal return date, and the March 5,1992 and the May 20, 1993 non-support dockets. The appellate record still consists of one volume.
Pursuant to La. C.C.P. art. 2164 an appellate court must render its judgment upon the record on appeal. The record on appeal is that which is sent by the trial court to the appellate court and includes pleadings, court minutes, transcripts, judgments and other rulings unless otherwise designated. La. C.C.P. arts. 2127, 2128, and Official Revision Comment to art. 2127; Willis v. Letulle, 597 So.2d 456 (La.App. 1st Cir.1992). The briefs of the parties and the attachments thereto are not part of the record on appeal. Bordes v. Simplex Manufacturing Company, 537 So.2d 1217 (La.App. 4th Cir.1989); Tranum v. Hebert, 581 So.2d 1023 (La.App. 1st Cir.1991), writ denied, 584 So.2d 1169 (La.1991). All records and supplemental records to be filed in any appellate court shall be certified and dated by the clerk of the trial court upon completion. La.C.C.P. art. 2127.1; La.C.Cr.P. art. 918. The certified copy of the record shall contain an extract of the pertinent minute entries and the bill of information in criminal cases, petitions, motions, judgments, reasons for judgment, motion and order of appeal Lalong with the transeript(s). Uniform Rules of Louisiana Courts of Appeal-Rule 2-1. It is the responsibility of the clerk of the trial court from which a case is appealed to prepare the record. Rule 2-1.16; La.C.C.P. art. 2127; *1043 La.C.C.P. art. 917. The failure of the clerk to properly prepare and lodge the appellate record shall not prejudice an appeal unless such defect is imputable to the appellant. La.C.C.P. art. 917.
The appellant shall request the transcript or portions thereof in light of the assignments of error urged. La.C.CrJP. art. 914.1. The appellant bears the burden of furnishing the appellate court with a record of the proceedings below. Gay v. C & D of Shreveport, 25,319 (La.App. 2 Cir. 10/26/94), 645 So.2d 280. Any inadequacy of the record is imputable to the appellant. Hurt v. Western American Trucking Company, 26,918 (La.App. 2 Cir. 5/10/95), 655 So.2d 558; West Consolidated Co., Inc. v. Creole Fisheries, 616 So.2d 268 (La.App.2d Cir.1993). If a transcript, exhibits or other documentation is missing and the appellant fails to act, there is no basis for the appellate court to determine that the trial court erred and the judgment is affirmed because a judgment is presumed correct. Werner Enterprises v. Westend Dev. Co., 563 So.2d 540 (La.App. 5th Cir. 1990); Guillie v. Department of Transportation and Development, 538 So.2d 1144 (La.App. 5th Cir.1989), quoting' Versailles Arms Apartments v. Granderson, 377 So.2d 1359 (La.App. 4th Cir.1979).
This Court has spent an enormous amount of time sifting through briefs and responses (transcripts and three boxes of juvenile court files not certified by the clerk or part of this Court’s official appellate record) to ascertain which defendants are on appeal, which judgment(s) are appealed, what happened to the 1992 appeals, and what appeals may be moot because defendants’ files have been closed by the State. The record is grossly deficient. This Court imputes the inadequacy |8of the record to the defense in light of the prior rule to show cause and Order issued in an attempt to have a proper record lodged.
However, a criminal defendant has a constitutional right of judicial review, La. Const, art. I, § 19, and “[a]n appeal shall not be dismissed because the trial court record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record.” La.C.C.P. art. 2161. An appellate record which omits a material part may be corrected even after the record is transmitted to the appellate court by the parties by stipulation, by the trial court or by order of the appellate court. La.C.C.P. art. 2132. This Court has attempted to have a complete record lodged and a remand for correction of the record may not remedy the situation. The defense did not attempt to supplement the record after being ordered by this Court. The juvenile court was ordered to file a response or per curiam to explain a number of deficiencies (within 30 days from the December 20,1995 Order), but has not responded. It was clear error to attempt to file the large number of cases (where civil petitions for support had and had not been filed by the State and where defendants had and had not been advised of their right to counsel) in this Court as one appeal. It is not clear how the pertinent minute entries, motions, petitions and judgments from the records of the 63, 64, 68 or 58 defendants were not certified and designated in the appellate record along with the additional transcripts noted in the motions for appeal and briefs. It is impossible to consider the various issues and render justice based upon the record before this Court.
Additionally, the defense did not follow this Court’s Order when briefs were re-filed. The latest briefs (again) do not indicate a review of each defendant’s record. The two categories of defendants’ briefs do not focus on a discussion of |9the individual defendant’s original guilty plea, adjudication or consent support order, and the status of the defendant’s juvenile court file.
Without a proper record (after a rule to show cause and an Order to supplement the record), relying on inadequate briefs and in light of defense counsel’s failure to comply with this Court’s previous Order, we cannot consider the appeal. We have no alternative but to remand for correction of the record. See La.C.C.P. art. 2161.
The record must comply with the prior Order to include all minute entries, judgments, orders of support, motions, civil petitions for support (if filed), motions and or *1044 ders for appeal (signed) (both the 1992 and the 1995 appeals), and any other transcripts, documents, or other pleadings as to each defendant. The entire record must be certified by the Clerk of Juvenile Court.
The defendants’ appeals were never consolidated and the appeal in State v. Solomon was dismissed. Before this Court will consider this matter again, the defense must file a motion to consolidate: the eases where the records contain evidence that the defendants waived their right to counsel or were represented by counsel (these appeals may not be necessary); the cases where civil petitions were filed by the State; and the cases where no civil petitions were filed. Appeals of cases, which have been closed by the State or which have no merit, should be dismissed and briefs are to be filed only for defendants whose cases are on appeal.

REMANDED.

ARMSTRONG, J., concurs in the result.
WALTZER, J. concurs in the remand with additional reasons.

. The judgment was signed February 24, 1995, but the motion for appeal refers to a decision on February 23, 1994. Although the defense was specifically asked to clear up the confusion in the response, no explanation was given.