PAUL A. BONIN, Judge.
|! Cleveland Joseph, who was injured in a motor vehicle collision, appeals the trial court’s judgment which was based upon the jury’s verdict. Mr. Joseph complains that the general and special damages awarded to him by the jury are inadequate. Generally, he argues that the jurors’ bias in favor of the defendants and the trial court’s refusal to permit challenges for cause so interdicted the jury’s findings that we should make de novo findings of fact on the amount of damages. He also argues that the trial court erred in refusing to grant a judgment notwithstanding the verdict on the general damages and on the future medical special damages.[1]
Because we conclude that Mr. Joseph failed to preserve the issue of juror bias for appellate review, we have no basis upon which to decide that the jury’s | ^verdict was interdicted, and, accordingly, we may not engage in de novo factual findings on the damages issues. Also, because we conclude that the jury was not clearly wrong in its assessment of special damages and that it did not abuse its discretion in its award of general damages, we further conclude that the trial court did not err in refusing to grant a JNOV. We affirm the judgment, and we explain our reasons in the parts which follow.
I
Mr. Joseph was stopped at a red light when his vehicle was struck in the rear by a car owned by the Archdiocese of New Orleans, insured by Catholic Mutual Group, and being driven by Sidney Figlia, a Roman Catholic priest. The jury found the defendants at fault for the collision. See La. R.S. 32:81; Williams v. Melancon, 08-1155, p. 3 (La.App. 4 Cir. 4/1/09), 9 So.3d 310, 312; Brandon v. Trosclair, 00-2374, p. 19 (La.App. 4 Cir. 10/17/01), 800 So.2d 49, 60. The liability finding has not been appealed. See La. C.C.P. art. 1911.
Mr. Joseph was eighty years old. Following the collision he was treated by Dr. Joseph Stagni, a chiropractor, and by Dr. Vaclav Hamsa, an orthopedist. During the course of his treatment, an MRI was performed, and a radiologist expressed his opinion about his findings.
The chiropractor found soft tissue injury superimposed on pre-existing degenerative conditions. He treated Mr. Joseph over a six-month period in 2008 and thought that Mr. Joseph would not benefit substantially from further intensive | .¡chiropractic care. He did not anticipate severe residual impairment beyond occasional bouts of pain and stiffness for some months.
The orthopedist found that Mr. Joseph had a “long, long history of back problems.” Dr. Hamsa ordered a EMG to determine the reason for Mr. Joseph’s complaints of pain emanating from his cervical spine, and treated Mr. Joseph with medication, considering surgery for a patient of Mr. Joseph’s age an unwise alternative. He assigned a ten percent of the whole man disability as a result of the accident.
Another orthopedist, Dr. David Aiken, who examined Mr. Joseph for the litigation but did not treat him, stated that the extent of Mr. Joseph’s injuries was limited to a few weeks of aggravation of a previously well-manifested degenerative muscu-loskeletal condition.
The jury also had before it some evidence that Mr. Joseph withheld informa *206 tion from his treating physicians about his medical care dating back to 1970 and the nature and extent of his pre-existing back and neck injuries. Also, the jury heard that Mr. Joseph had concealed his use of narcotics from his physicians.
The jury awarded Mr. Joseph $20,000 in general damages for physical pain and suffering past, present, and future; $10,000 in general damages for mental pain and suffering; $9,375 in special damages for past and present medical expenses, and $5,625 in special damages for future medical expenses, a total award of $45,000. The defendants have not appealed the award of damages or answered the appeal. See La. C.C.P. art. 2133.
JiP
In this part we explain why we cannot grant Mr. Joseph any relief on his claim that the trial judge did not grant his challenges for cause with respect to several of the jurors. Mr. Joseph has asserted in his brief that the jurors were biased in favor of the church and its priest. But we cannot review for error an allegation which was not made as a timely objection in the trial court and preserved in the record for our review on appeal. The record does not include the transcript of the voir dire of the potential jurors.
An appellant has the duty to present a full record and state clearly the basis of his attribution of error when he appeals a judgment.[2] “When the record lacks a transcript that is pertinent to an issue raised on appeal, the inadequacy of the record is attributable to the appellant.” Gay v. C & D of Shreveport, 25,319 (La.App. 2 Cir. 10/26/94), 645 So.2d 280, 282.
Without the missing ... transcripts, this Court does not, on review, have any basis by which to determine that the trial court committed error.... Under these circumstances, the trial court judgment is presumed to | shave been based upon sufficient evidence and in accordance with the law in the absence of a showing in the record to the contrary. (citations omitted)
Werner Enterprises, Inc. v. Westend Development Co., 563 So.2d 540, 543 (La.App. 5 Cir. 6/6/90); see also State of Louisiana in the Interest of Nathaniel Solomon, 95-0638 (La.App. 4 Cir. 3/27/96), 672 So.2d 1039, 1043, and cases cited therein (noting that “the appellant bears the burden of furnishing the appellate court with a record of the proceedings below”).
*207 Unless we find a legal error to interdict a jury’s verdict, there is no basis for us to review a jury’s findings de novo. See Burns v. CLK Investments V, L.L.C., 10-0277, p. 5 (La.App. 4 Cir. 9/1/10), 45 So.3d 1152, 1156, in which we stated: “Since we have not found an erroneous [jury] instruction, we are surely not authorized to review the facts of this case de novo.” See also Adams v. Rhodia, Inc., 07-2110, pp. 6-7, 10 (La.5/21/08), 983 So.2d 798, 805.
Because the appellant here has not preserved the issue of juror bias for our review, we cannot conclude that any legal error interdicted the jury’s verdict in this case and will apply the customary standard of review to the jury’s findings of fact. The manifest error standard turns on the presence of a reasonable factual basis for a particular determination. In order to find manifest error, “an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous” while taking care “not to re-weigh the evidence or to substitute its own factual findings just because it would have decided the case differently”. Ryan v. Zurich American Ins. Co., 07-2312, p. 7 (La.7/1/08), 988 So.2d 214, 219.
JjJH
The negligence of the defendant driver which caused injury to Mr. Joseph entitles Mr. Joseph to damages. La. Civil Code arts. 2315, 2316. “In the assessment of damages in cases of ... quasi offenses, ... much discretion must be left to the judge or jury.” La. Civil Code art. 2324.1. The central dispute in this case in evaluating the jury’s quantum assessments revolves around the length of time that Mr. Joseph will suffer from his injuries. On one side the liable parties argue that his injuries were virtually resolved by the time of trial and on the other side Mr. Joseph argues that he could suffer another twenty years until he is one hundred years old.
A
We review the jury’s award for Mr. Joseph’s future medical expenses, which is an item of special damage, under the manifest error standard of review. “Future medicals need not be established with mathematical certainty although a plaintiff must prove that it is more probable than not that expenses will be incurred.”. and “some evidence to support the award must be contained in the record.” Molony v. USAA Property and Casualty Ins. Co., 97-1836, pp. 2-3 (La.App. 4 Cir. 3/4/98), 708 So.2d 1220, 1221 9 (citations omitted). The Louisiana Supreme Court in Duncan v. Kansas City Southern Railway Co., 00-0066, p. 17 (La.10/30/00), 773 So.2d 670, 685, stated: “Awards will not be made in the absence of medical testimony that they are indicated and setting out their probable cost.” The plaintiff must show that future medical expenses more probably than not will be incurred, he must show that they are needed, and he must supply estimates of their probable cost. Abuan v. Smedvig Tankships, Ltd., 96-1013, p. 21 (La.App. 4 Cir. 6/24/98), 717 So.2d 1194, 1205.
[7Mr. Joseph contends that the jury erred when, after awarding him $9,370 for past medical expenses which he incurred over sixteen months, it awarded him only $5,625 for future medical expenses. He argues that the jury was clearly wrong not to award him $140,625. He calculates this sum by extrapolating from the jury’s award of past medical expenses in the amount of $9,375, which covered a sixteen-month treatment period. As a result of deft questioning by his counsel of Dr. *208 Stagni, and his interpretation of chiropractor’s answers, Mr. Joseph hypothesizes that he might live to be 100 years old. By averaging the 16 months of past medical expenses, and multiplying the average by the 240 months of his hypothesized life expectancy, he concludes that the relatively meager award for future medical expenses is clearly wrong.
But the testimony in fact showed that Dr. Stagni only acknowledged that he did not know how long Mr. Joseph would live. Also, nowhere in Dr. Stagni’s testimony is there any opinion that Mr. Joseph needs continuing chiropractic care for any length of time, much less the 20-year period. The jury reasonably exercised its common knowledge, experience and education in evaluating Dr. Stagni’s testimony regarding Mr. Joseph’s longevity. See Balthazar v. Guillory Racing Farms, 00-00941, p. 3 (La.App. 3 Cir. 3/7/01), 802 So.2d 9, 12. Moreover, Dr. Aiken stated that the injury from the accident only induced short-term medical needs and expenses.
The jury has the latitude to choose between witnesses, including expert witnesses, and to use such expert testimony together with its own common sense and experience to arrive at its conclusions of fact. La. C.E. art. 704; Burns v. CLK Investments V, L.L.C., 10-0277, p. 10 (La.App. 4 Cir. 9/1/10), 2010 WL 3431855, 45 So.3d 1152. A jury may choose the opinion of one expert, or even reject Rthe opinion of the sole expert. See Bachemin v. Anderson, 97-2471 p. 4 (La.App. 4 Cir. 7/29/98), 717 So.2d 677, 680. “Even uncon-tradicted expert testimony is not binding on the factfinder.” J.A.G. v. Schmaltz, 95-2755 (La.App. 4 Cir.10/23/96), 682 So.2d 331, 337. The jury’s acceptance of part or all of each expert’s testimony is within its discretion in fact finding. In the instant case, the jury was presented with medical testimony and medical records from which it could assess the severity of the injury caused by the auto accident compared with Mr. Joseph’s lengthy previous medical history of musculoskeletal complaints and treatment, and his history of narcotic use.
The modest sum of $5,625 for future palliative, minor care awarded by the jury as the special-damages award is not clearly wrong and is, under these circumstances, reasonable.
B
Similar factual arguments are made by Mr. Joseph with respect to the general damages award, which he argues is inadequate because it did not consider the long-term pain future pain and suffering of Mr. Joseph. But we review an award of general damages under the abuse of discretion standard of review which is even more deferential to the jury than the manifest error standard.
As the Louisiana Supreme Court in Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), stated: “[T]he discretion vested in the trier of fact is ‘great,’ and even vast, so that an appellate court should rarely disturb an award of general damages.”[3] See also Bouquet v. Wal-Mart Stores, Inc., 08-0309, p. 5 (La.4/4/08), 979 So.2d 456, 459; Moffitt v. Sewerage & Water Board of New Orleans, 09—1596, pp. 15-16 (La.App. 4 Cir. 5/19/10), 40 So.3d 336, 345-46. The trier of fact is afforded much discretion in assessing the facts and rendering *209 an award because it is in the best position to evaluate witness credibility and see the evidence firsthand. Duncan v. Kansas City So. Ry. Co., 00-0066, p. 13 (La.10/30/00), 773 So.2d 670, 682; Bouquet, supra, 08-0309 at p. 5, 979 So.2d at 459. An appellate court reviewing a general damages award is not to decide what it considers to be an appropriate award but rather to review the exercise of discretion by the trier of fact. Duncan, supra, 00-0066 at p. 13, 773 So.2d at 682-83. The Louisiana Supreme Court in Wainwright v. Fontenot, 00-0492, pp. 5-6 (La.10/17/00), 774 So.2d 70, 74, stated:
The assessment of “quantum,” or the appropriate amount of damages, by a trial judge or jury is a determination of fact, one entitled to great deference on review.... There is no question that the abuse of discretion standard of review applies when an appellate court examines a factfinder’s award of general damages.
The jury’s findings of fact and its award of general damages totaling $30,000 reflect its reasonable evaluation of the length and severity of Mr. Joseph’s injury from the accident. Mr. Joseph’s impaired credibility as presented by his failure to reveal medical treatment from one facility to another, and by his denial of previous neck and back complaints and treatment, as well as by his use of prescription pain medications, supports the jury’s evaluation, which was not unreasonable or clearly wrong.
JjflIV
In this part we turn to the trial court’s denial of Mr. Joseph’s motion for JNOV. The Louisiana Supreme Court in Anderson v. New Orleans Public Service, Inc., 583 So.2d 829, 832 (La.1991), explained the purpose of a JNOV as follows:
A JNOV is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict. The motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. ... [I]n making this determination, the court should not evaluate the credibility of the witnesses, and all reasonable inferences or factual questions should be resolved in favor of the non-moving party, (emphasis added).
See also Finnie v. Vallee, 620 So.2d 897, 899 (La.App. 4th Cir.1993).
We review the trial court’s denial of Mr. Joseph’s motion for JNOV under the manifest error standard of review. We held in Trunk v. Medical Center of Louisiana at New Orleans, 03-0275, pp. 5-6 (La.App. 4 Cir. 12/17/03), 863 So.2d 675, 680-81 (reversed on other grounds, 2004-0181 (La.10/19/04), 885 So.2d 534):
[I]f there is substantial evidence of such quality and weight that reasonable persons might reach different conclusions, the motion must be denied, [citations omitted].... A JNOV is proper only where the trial judge concludes the verdict is one reasonable people could not have reached.
The Louisiana Supreme Court in Joseph v. Broussard Rice Mill, Inc., 00-0628, p. 4 (La.10/30/00), 772 So.2d 94, 99, stated:
The motion [i.e., JNOV] should be denied if there is evidence opposed to the motion which is of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different | n conclusions.... In making this determination, the trial court should not eval *210 uate the credibility of witnesses, and all reasonable inferences or factual questions should be resolved in favor of the non-moving party.... This rigorous standard is based upon the principle that “[w]hen there is a jury, the jury is the trier of fact.” [citations omitted] ... The appellate court “us[es] the aforementioned criteria just as the trial judge does in deciding whether to grant the motion or not”.
Because we have already concluded that the jury’s awards are reasonable, we must conclude that the trial court was correct in denying the motion for JNOV.
DECREE
We affirm the judgment of the district court. We also affirm the district court’s denial of Mr. Joseph’s motion for JNOV.
AFFIRMED.

. Mr. Joseph also argues that the trial judge improperly refused additur, but additur requires the consent of the defendant as an alternative to a new trial. See La. C.C.P. art. 1814.

. The entire gravamen of Mr. Joseph’s argument and recitation of the trial court’s error is set forth in his original brief to this court, which we quote in its entirety:
The jury was afraid of awarding the claim fairly against the defendants, all of whom are the Catholic Church in some form or fashion. This was clearly indicated by the foreman of the jury who commented before the verdict was read that the jury was going to hell for even the small award he was about to read. Unfortunately, the record is incomplete and does not contain the foreman's comment, (p. 9).
Mr. Joseph argues, on pp. 11-12 of his brief,
During the voir dire process, the plaintiff/appellant Cleveland Joseph, made many objections for cause that were incorrectly overruled by the Trial Court to the best recollection of the plaintiff/appellant. If the Trial Court had sustained objections made by die plaintiff/appellant or been more global in limiting the venire, the results of the jury selection process would have eliminated unfairness to the plaintiff/appellant. However, the record does not contain the recorded transcript of the voir dire and, as such the record is as incomplete as this argument.
Plaintiff/appellant will, independently of this brief, seek to have the record completed and to supplement this argument as the transcript becomes available.
Mr. Joseph has made no motion to supplement the record in this case.

. Duncan, supra, 00-0066 at p. 13, 773 So.2d at 682, defines general damages as "those which may not be fixed with pecuniary exactitude”; instead, they "involve mental or physical pain or suffering, inconvenience, the loss of intellectual gratification or physical enjoyment, or other losses of life or life-style which cannot be definitely measured in monetary terms.” [citations omitted].