LAND COAST INSULATION, INC.      *      NO. 2021-CA-0052

     *

VERSUS      COURT OF APPEAL

     *

GOOTEE CONSTRUCTION, INC., ET AL.      FOURTH CIRCUIT

     *

     STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-09157, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *
(Court composed of Chief Judge James F. McKay, III, Judge Edwin A. Lombard, Judge Sandra Cabrina Jenkins)

David C. Voss
Edwin Allen Graves, Jr.
David Warren Carley
GRAVES CARLEY, L.L.P.
2137 Quail Run Drive
Building B
Baton Rouge, LA 70808

     COUNSEL FOR PLAINTIFF/APPELLANT

Michael Ethan Botnick
Phillip Jay Antis, Jr.
J. Douglas Rhorer
GORDON, ARATA, MONTGOMERY, BARNETT, MCCOLLAM, DUPLANTIS & EAGAN, LLC
201 St. Charles Avenue
40th Floor
New Orleans, LA 70170-4000

     COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**

**SEPTEMBER 24, 2021**

SCJ
JFM
EAL

Plaintiff-appellant, Land Coast Insulation, Inc. ("Land Coast") appeals the November 30, 2020 judgment granting defendant-appellee, Gootee Construction, Inc.'s ("Gootee") dilatory exception of prematurity. For the reasons that follow, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

This action arises out of a dispute between Land Coast and Gootee regarding payment allegedly owed to Land Coast for insulation work performed for a public works construction project. On September 13, 2016, Land Coast filed a petition for breach of contract, naming as defendants Gootee, the McDonnel Group, L.L.C./Archer Western Contractors, Ltd. Joint Venture ("Joint Venture"), Travelers Casualty and Surety Company of America, and the Law Enforcement District for the Parish of Orleans ("LEDPO").

Land Coast alleges the LEDPO contracted with Joint Venture for the construction of a public facility. On September 29, 2011, Joint Venture contracted with Gootee, wherein Gootee agreed to provide "labor, material, and equipment to complete the mechanical" portion of the project. Thereafter, on October 12, 2012,

1

Gootee subcontracted with Land Coast to perform insulation work for the project. Land Coast further alleges that it is owed monies for its work performed on the project.

On November 22, 2016, Gootee filed an "Ex parte First Motion for Extension of Time to Respond to Petition." On December 21, 2016, Gootee filed a "Motion to Stay Pending Adjudication of Motion to Consolidate."[1] Thereafter, on May 15, 2020, Land Coast filed a motion to lift stay and to reset hearing on motion to consolidate. On June 19, 2020, the trial court signed an order lifting the stay. On August 28, 2020, Gootee filed exceptions of prematurity and vagueness or ambiguity, contending that Land Coast's claims are premature, because the insulation subcontract specifically provided a "pay-if-paid" clause and the obligation has not come into existence yet because Gootee has not received payment for the amounts allegedly owed.

On November 13, 2020, the trial court held a hearing on the dilatory exceptions. On November 30, 2020, the trial court sustained the dilatory exception of prematurity and dismissed all claims against Gootee. This appeal follows.

**STANDARD OF REVIEW**

An appellate court generally reviews a judgment sustaining an exception of prematurity for manifest error. However, "when the resolution of an exception of prematurity involves a question of law, the appellate court undertakes a *de novo* review." *Landis Const. Co., LLC v. Reg'l Transit Auth.*, 2015-0854, p. 6 (La. App. 4 Cir. 5/25/16), 195 So.3d 598, 602.

---

[1] Gootee sought to consolidate the instant matter with *Gootee Construction, Inc. v. The McDonnell Group, L.L.C. /Archer Western Contractors, LTD. Joint Venture, et al.*, case number 16-279 that is pending in the Civil District Court for the Parish of Orleans.

2

The dilatory exception of prematurity is governed by La. C.C.P. art 926, which questions whether the cause of action has matured to the point that it is ripe for judicial determination. *Williamson v. Hospital Serv. Dist. No. 1 of Jefferson*, 2004-0451, p. 4 (La. 12/1/04), 888 So.2d 782, 785. A suit is premature when it is brought before the right to enforce it has accrued. *Jefferson Door Co., Inc. v. Cragmar Const., L.L.C.*, p. 3 (La. App. 4 Cir. 1/25/12), 81 So.3d 1001, 1004.

**Burden of Proof**

The party filing the exception bears the burden of proving prematurity. *Williams v. Wood*, 2019-0894, p. 5 (La. App. 4 Cir. 3/25/20), 294 So.3d 581, 585 (citing *Watson v. Woldenberg Vill., Inc.*, 2016-0159, p. 4 (La. App. 4 Cir. 10/5/16), 203 So.3d 317, 321). La. C.C.P. art. 930 provides that evidence may be introduced to support or controvert the dilatory exception when the grounds do not appear from the petition. "However, where no evidence is presented at the trial of a dilatory exception, like prematurity, the court must render its decision on the exception based upon the facts as alleged in the petition, and all allegations therein must be accepted as true." *Blazio v. Ochsner Clinic Found.*, 2019-0753, p. 3 (La. App. 4 Cir. 3/4/20), 294 So.3d 36, 40 (citing *LaCoste v. Pendleton Methodist Hosp., L.L.C.*, 2007-0008, 2007-0016, p. 8 (La. 9/5/07), 966 So.2d 519, 525.

**DISCUSSION**

On appeal, Land Coast argues that the trial court erred, first, in finding that Gootee's dilatory exception was timely and, subsequently, in considering unauthenticated evidence attached to Gootee's pleadings and finding Land Coast's claim as premature. We begin our discussion by addressing the timeliness of Gootee's dilatory exceptions.

**Timeliness of a Dilatory Exception**

Land Coast contends that Gootee's exception of prematurity was waived because Gootee sought relief in the form of a stay prior to filing the exception. We disagree.

La. C.C.P. art. 928(A) provides in pertinent part:

> [T]he dilatory exception shall be pleaded prior to or in the answer and, prior to or along with the filing of any pleading seeking relief other than entry or removal of the name of an attorney as counsel of record, **extension of time within which to plead**, security for costs, or dissolution of an attachment issued on the ground of the nonresidence of the defendant, and in any event, prior to the signing of a final default judgment.

[Emphasis added.]

Gootee's motion is captioned as "Motion to Stay Pending Adjudication of Motion to Consolidate." The motion sought a stay *or* an extension of time pending a decision in another matter. Notably, Gootee's motion contains a footnote, which reads as follows:

> In an abundance of caution, and to the extent this [trial court] finds that any exception could be waived by the filing of this Motion to Stay, Gootee restyles this motion as a motion for extension of time within which to plead, and it request that the [trial court] grant it an extension of time to respond to the Petition pending adjudication of the Motion to Consolidate.

Courts have found that the characterization of a pleading is not controlling, and the pleading should be taken for what it actually is and not for what its author designate it as. *State, Dept. of Children and Family Serv. Ex rel. A.L. v. Lowrie*, 2014-1025, pp. 5-6 (La. 5/5/15), 167 So.3d 573, 578 (citing *Succession of Smith*, 247 La. 921, 928, 175 So.3d 269, 271 (La. 1965); *see also* La. C.C.P. art. 865.

We find that Gootee's pleading presents a motion for extension of time, which is consistent with La. C.C.P. art. 928. We find no error in the trial court's conclusion that Gootee's exception of prematurity was not waived.

4

**Evidence on Trial for Dilatory Exception**

Next, Land Coast argues that the subcontract and affidavit attached to Gootee's dilatory exception were not properly offered into evidence. On November 13, 2020, a contradictory hearing was held on Gootee's dilatory exception of prematurity. The instant record is void of that transcript.

"[A]n appellant has the duty to present a full record and state clearly the basis of his attribution of error when he appeals a judgment." *Harts v. Downing*, 2019-0620, p. 8 (La. App. 4 Cir. 6/24/20), 302 So.3d 102, 110 (quoting *Joseph v. Archdiocese of New Orleans*, 2010-0659, p. 4 (La. App. 4 Cir. 11/10/10), 52 So.3d 203, 206.) "When the record lacks a transcript that is pertinent to an issue raised on appeal, the inadequacy of the record is attributable to the appellant." *Id.* Additionally:

> Without the missing ... transcripts, this Court does not, on review, have any basis by which to determine that the trial court committed error.... Under these circumstances, the trial court judgment is presumed to have been based upon sufficient evidence and in accordance with the law in the absence of a showing in the record to the contrary. (citations omitted)*Werner Enterprises, Inc. v. Westend Development Co.,* 563 So.2d 540, 543 (La.App. 5 Cir. 6/6/90); *see also State of Louisiana in the Interest of Nathaniel Solomon,* 95–0638 (La.App. 4 Cir. 3/27/96), 672 So.2d 1039, 1043, and cases cited therein (noting that "the appellant bears the burden of furnishing the appellate court with a record of the proceedings below").

*Joseph*, 2010-0659, pp. 4-5, 52 So.3d at 206.

Land Coast had a duty to furnish the court with a full record. Without the ability to review what, if any testimony or evidence was presented at the contradictory hearing, we cannot determine that the trial court committed error in its determination that Land Coast's claims are premature. In light of these circumstances, the trial court judgment is presumed both to have been based upon

sufficient evidence and to be correct. *Id.*, at pp. 4-5, 52 So.3d at 206 (citing *Werner Enterprises, Inc.,* 563 So.2d at 543).

## CONCLUSION

For the foregoing reasons, we affirm the November 30, 2020 judgment sustaining Gootee's dilatory exception of prematurity and dismissing all claims against Gootee.

**AFFIRMED**